## KING v. CORNELL.

1. Where a citizen of a State sues in a court thereof a citizen of the same State and an alien, the latter is not entitled to remove the suit to the Circuit Court.
2. The act of March 3, 1875, c. 137, repealed the second clause of section 639 of the Revised Statutes.

APPEAL from the Circuit Court of the United States for the Northern District of New York.

The facts are stated in the opinion of the court.

*Mr. William M. Evarts* and *Mr. Joseph H. Choate* for the appellant.

*Mr. Samuel H. Wilcox* for the appellees.

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

This is a suit begun in the Supreme Court of New York by a citizen of that State against other citizens of the same State and Henry Seymour King, an alien, and a subject of the Queen of the United Kingdom of Great Britain and Ireland. King, claiming that there could be a final determination of the controversy, so far as it concerned him, without the presence of the other defendants, as parties in the cause, filed his petition for a removal to the Circuit Court of the United States. It was granted. In the Circuit Court a motion was made to remand the cause, and, an order to that effect having been entered, this appeal therefrom was taken.

It is conceded that the case was not removed under the second section of the act of March 3, 1875, c. 137, and that the jurisdiction of the Circuit Court rests solely on the second subdivision of section 639 of the Revised Statutes. It was said at the last term, in *Hyde* v. *Ruble,* 104 U. S. 407, that this subdivision was repealed by the act of 1875; but as that was a case between citizens of different States, and no question arose as to the right of an alien defendant to a removal when there could be a final determination of the controversy, so far as it concerned him, without the presence of the other defendants, we have now considered the matter in that aspect.

While repeals by implication are not favored, it is well settled that where two acts are not in all respects repugnant, if the later act covers the whole subject of the earlier, and embraces new provisions which plainly show that it was intended as a substitute for the first, it will operate as a repeal. This subject was fully considered in *United States* v. *Tynen,* 11 Wall. 88, where the early authorities are cited and reviewed at considerable length. This rule, we think, is decisive of the present case. Section 639, in its first subdivision, provides for a removal by the defendant, where the suit is against an alien, or is by a citizen of the State in which the suit is brought against a citizen of another State. The petition for removal was to be filed by the defendant at the time of entering his appearance in the State court. This is a reproduction of the provisions of sect. 12 of the act of 1789, c. 20.

The second subdivision relates to suits against an alien and a citizen of the State in which the suit was brought, and to suits by citizens of such State against a citizen of the same and a citizen of another State. In such suits the defendant, who was an alien, or a citizen of another State, might have a removal, if the suit, so far as it related to him, was brought for the purpose of restraining or enjoining him, or was one where there could be a final determination of the controversy, so far as it concerned him, without the presence of the other defendants as parties in the cause. The petition for such a removal could be filed at any time before trial or final hearing, and the removal did not take away or prejudice the right of the plaintiff to proceed at the same time with the suit in the State

court, as against the other defendants. This subdivision is a substantial reproduction of the act of July 27, 1866, c. 288, which was amended by the act of March 2, 1867, c. 196; so that in a suit between a citizen of the State in which the suit was brought and a citizen of another State, the latter, whether plaintiff or defendant, might obtain a removal if he had reason to and did believe that from prejudice or local influence he would not be able to obtain justice in the State court. Here, too, the petition for removal could be filed at any time before trial or final hearing. This act of 1867 appears as the third subdivision of section 639.

The twelfth section of the act of 1789 remained in force, without amendment or material alteration, except by the acts of 1866 and 1867, until the revision of the statutes in 1873. Then the whole legislation was embodied in section 639 of the Revised Statutes, which was subdivided so as to present separately the different grounds of removal, depending on the citizenship of the parties.

In this condition of the law, only aliens and citizens of States other than that in which the suit was brought could obtain a removal in any case. Save in cases of local prejudice, only defendants could petition, and in cases of local prejudice no provision was made for aliens. No provision was made in any law for the removal of cases arising under the Constitution or laws of the United States, if the necessary citizenship of the parties did not exist. In 1875 the subject of removals seems to have been brought specially to the attention of Congress, and the act of that year passed. Many important new provisions were introduced, and the act was evidently intended as a substitute for much that had been enacted before. Removals of suits arising under the Constitution and laws of the United States were authorized without regard to the citizenship of the parties, and instead of confining the privileges of removal to defendants or citizens of States other than that in which the suit was brought, either party was allowed to move in that behalf. Instead of requiring the petition for removal to be filed in some cases when the defendant entered his appearance, and in others at any time before trial or final hearing, all petitions to which that act applied were to be presented at or before the

term at which the cause could be first tried. Provision for citizens and subjects of foreign States must have been in the mind of Congress at the time, because in the first clause of the second section, which relates to the removal of a controversy that is not separable, they are specially named. In the second clause, which relates to separable controversies, they are not, and, as in the local prejudice subdivision of section 639, that privilege is confined to citizens of the United States. In the law of 1866 an alien defendant, having a separable controversy, could remove. When that law was extended in 1867 to cases of local prejudice, only citizens were included in the extension. In the act of 1875 the removal in cases of separable controversies was not confined to defendants, but either party could apply. Congress then, as it seems to us, manifested its intention to exclude aliens from the privileges of such a removal, just as it did in 1867, in cases of local prejudice. The whole subject was evidently up for consideration. The first and second subdivisions of section 639 were thoroughly revised and radically modified. There cannot be a shadow of doubt that, except as to aliens in the second subdivision, both these subdivisions were repealed ; and we cannot believe, if Congress had intended to continue in force that part of the second subdivision which allowed an alien defendant to remove a cause, so far as it related to him, and gave his adversary no corresponding right, it would have been left to inference alone. So thorough a revision implies, as we think, an intention to make the new law a substitute for all that those subdivisions contained. The last clause relating to separate controversies needed only the addition of the word "alien" to make it cover everything in the second subdivision. Had it been added, the law would have been uniform, and allowed removals by both parties in all cases where the right was dependent on citizenship. With it out, if we hold that the old law is unrepealed, an alien defendant will be allowed to remove his separate controversy as against a citizen, while the citizen will not have the same privilege against him. This, we are satisfied, it was not the intention of Congress to do. It follows that the whole of the second subdivision of section 639 was repealed by the act of 1875, and that the cause was not removable on the separate petition of the

alien. This makes it unnecessary to consider whether there was in the suit such a separate controversy as would have entitled him to a removal if the law had been otherwise.

The order of the Circuit Court remanding the cause to the State court is

<div align="right">

*Affirmed.*