UNITED STATES *v.* C. HUFFMASTER.   (No. 3,704.)

*(Circuit Court, N. D. California.*   May 21, 1888.)

COURTS—FEDERAL CIRCUIT COURTS—JURISDICTIONAL AMOUNT.
Under the act of March 3, 1875, (Supp. Rev. St. 173,) the circuit courts have no jurisdiction of an action to recover money or property wherein the United States are plaintiffs, unless the amount or value of the matter in controversy exceeds the sum of $500, exclusive of costs.

*Syllabus by the Court.*

*J. C. Carey,* U. S. Atty., for plaintiff.
*Wm. H. Cook,* for defendant.
Before SAWYER, Circuit Judge.

SAWYER, J.   This is a suit by the United States for the value of 50 cords of wood, cut upon the public lands in Colusa county by the defendant, and converted to his own use.   The wood is alleged to be of the value of $250, for which sum plaintiffs demand judgment.   The suit was brought on June 6, 1885, when the act to determine the jurisdiction of the circuit courts of the United States, etc., approved March 3, 1875, (Supp. Rev. St. 173,) was in force.   The objection is made by the defendant that, the amount in controversy being less than $500, this court has no jurisdiction, and that the action must be dismissed on that ground.   The court is of the opinion that the objection is well taken. The clause in the act of 1789 (1 St. p. 78, § 11) giving jurisdiction to the circuit courts in this class of cases reads as follows:

"That the circuit courts shall have original cognizance, concurrent with the courts of the several states, of all suits of a civil nature at common law or in equity, where the matter in dispute exceeds, exclusive of costs, the sum or value of five hundred dollars, and the United States are plaintiffs or petitioners."

It is perfectly clear that, under this act, the circuit courts would not have jurisdiction in a case of this kind brought by the United States, where the amount sought to be recovered is less than $500.   The language is susceptible of but one construction.

In the Revised Statutes, which were only intended to collate and consolidate the existing statutes without changing the meaning, section 629, covering these matters of jurisdiction, arranges the subject-matter in classes, and expresses the various provisions in language as well as arrangement somewhat different from that found in the original statutes then in force.   The provision embracing the subject-matter of this suit is as follows:

"Sec. 629. The circuit courts shall have original jurisdiction as follows: *First.* Of all suits of a civil nature, at common law or in equity, where the matter in dispute, exclusive of costs, exceeds the sum or value of five hundred dollars, and an alien is a party.   *    *    *   *Second.* Of all suits in equity, where the matter in dispute, exclusive of costs, exceeds the sum or value of five hundred dollars, and the United States are petitioners.   *Third.* Of all

v.35F.no.2—6

suits at common law where the United States, or any officer thereof suing under the authority of any act of congress, are parties."

It is contended that, under this third clause, the value of the matter in controversy, as an element of jurisdiction, was eliminated in all actions at common law wherein the United States are plaintiffs, and that this provision is applicable to the case in hand. It may be doubtful what the effect of the change in the language and arrangement is, but it is not probable that any change in the law was contemplated by the commissioners, for that would be to exceed their authority. Whatever the construction should be, however, it cannot affect this case, for the whole subject-matter was again gone over, and embraced in the act of March 3, 1875, in which these several provisions determining the jurisdiction of the circuit courts in such matters was reconstructed; and the question raised must be determined by the provisions of that act. Section 1 of the act of 1875 provides as follows:

"That the circuit courts of the United States shall have original cognizance, concurrent with the courts of the several states, of all suits of a civil nature, at common law or in equity, where the matter in dispute exceeds, exclusive of costs, the sum or value of five hundred dollars, and arising under the constitution or laws of the United States, or treaties made, or which shall be made, under their authority, or in which the United States are plaintiffs or petitioners," etc.

Thus congress returns substantially to the language used in the act of 1789, and makes beyond question the value of the matter in controversy an essential element in the jurisdiction. If, therefore, section 629, Rev. St., will bear the construction insisted on by the United States attorney; it is necessarily in conflict with the act of 1875, and is expressly repealed by section 10 of that act. See *Hyde* v. *Ruble*, 104 U. S. 410; *King* v. *Cornell*, 106 U. S. 396, 1 Sup. Ct. Rep. 312; *Railroad Co.* v. *Bates*, 119 U. S. 464, 7 Sup. Ct. Rep. 285. It follows from the views expressed that the circuit court has no jurisdiction of this case, the value of the matter in dispute being only $250, and it must be dismissed on that ground. The United States will have to go into the state court if they desire to recover; and it is just that it should be so, as it would be a great hardship upon litigants if they were compelled to go four or five hundred miles from home to litigate such small amounts with the government, as many would be obliged to do in this state.

Let the suit be dismissed, without prejudice, for want of jurisdiction.