## No. 1405.

### A. G. BARNARD, SHERIFF AND TAX COLLECTOR, VS. GALL & PHARR.

1. The Legislature has the right to exempt any business or occupation from license tax, and no license can be exacted not imposed by the terms of the law.
2. The General License Act of 1890 was designed to formulate complete and exclusive regulations for license taxation for 1891 and succeeding years, and operated the supersession and repeal of the prior Act of 1886, so far as relates to common subject matter.
3. Courts may take judicial cognizance of the official journals of the houses of the General Assembly in order to aid them in ascertaining the true legislative purpose and intent when the same is doubtful.
4. When the legislative intent is clear, the court should enforce it, and not resort to artful construction in order to defeat it.

APPEAL from the Twenty-first District Court, Parish of Iberia. *Mouton, J.*

*Edward Weeks* for Plaintiff and Appellant:

1. Section 3 of Act No. 150 of session of 1890, imposes a license on all manufactories not expressly exempted by Articles 206 and 207 of the State Constitution. Sawmills are manufactories (35 An. 998; 38 An. 398; 41 An. 996; 42 An. 1119), but are not exempted by the Constitution. Hence they are liable to license under Section 3 of Act 150, of 1890.
2. Where an act expressly declares that it repeals only such portions of existing laws as conflict with it, this expression must govern; and such portions of existing laws as do not conflict with it continue in full force and effect. Sutherland on Statutory Construction, Secs. 155, 327, 147, 288; 39 An. 441; Saunders on Taxation, 246; 23 An. 140; 16 An. 379; 20 An. 140, and authorities.
3. Courts will not take judicial cognizance of legislative journals. Lottery Mandamus Suit, 43 An. —; 23 An. 376; 42 An. 1006; 33 An. 963; 28 An. 415.

*Walter J. Burke* for Defendants and Appellees:

Sheriff and Tax Collector vs. Gall & Pharr.

In an act imposing a license tax for a particular year " and for each subsequent year upon each person, association of persons or business firms pursuing any trade, vocation, calling or business except those expressly exempt by Articles . 206, 207 of the Constitution," when the Legislature has failed to name specifically any particular avocation, etc., among those to be subject to a license tax, the inference is that it was not intended to have been subjected to the license tax. 22 An. 561, State vs. Hearsay & Dupre; 35 An. 825, Forman vs. Board of Assessors; 35 An. 1154, N. O. Cotton Exchange vs. Board of Assessors; Cooley on Taxation, p. 102; Sutherland on Statutory Construction, p. 457, *et seq.*

When necessary, the court may refer to the journal of the House of Representatives and of the Senate when seeking the intent of the law maker. Sutherland on Statutory Construction, Sec. 300; Wharton on Ev., Sec. 296; Sedgwick on Stat. Const., 2d Ed., 54; Gardner vs. Wall, 6 Wall., 508; South Ottawa vs. Perkins, Otto. IV.

The power granted to the Legislature to levy a license tax is discretionary and not mandatory. The State may abstain from imposing a license tax on any occupation, etc. 38 An. 826, City vs. Mule; 32 An. 82, N. O. vs. Bank; 42 An. 560, State vs. Dupre & Hearsay.

If two statutes relate to the same subject matter, though not in terms *repugnant* or *inconsistent*, if the latter one is plainly intended to prescribe the only rule that shall govern, it will repeal the earlier. Sedgwick on Const. of Stat., pp. 104, 154; 12 An. 432; Sutherland on Statutes, 104; King vs. Cornell, 106 U. S. Rep., p. 395; Murdock vs. Memphis, 106 U. S. Rep. 601.

---

The opinion of the court was delivered by

FENNER, J. The parties are agreed as to all the facts, and the sole question presented for our determination is one of law, to-wit: Whether or not the existing law of the State subjects the business of conducting a saw-mill to license taxation.

It is fully settled by prior decisions that the power granted to the Legislature to levy license taxes is discretionary and not mandatory, and that the Legislature may exempt or abstain from taxing, by way of license, any particular business or occupation. City vs. Mule, 38 An. 826; City vs. Bank, 32 An. 82; State vs. Dupre, 42 An. 560.

The existing general License Act was passed in 1890. The act in force prior thereto was the Act of 1886.

These two acts bear similar titles, cover the same general subject matter, pursue the same order, and adopt the same sub-divisions of the subjects of taxation. Indeed, it requires close study to discover the few differences between them. Under the head " Miscellaneous," the 9th section of each act provides for licensing of a large number of businesses therein enumerated. After a very close scrutiny we discover these sections of the two acts to be identical in every respect, with the single exception that the Act of 1886 embraces the

word " saw-mills," in its enumeration of the businesses taxed, where-as the Act of 1890 omits it.

Out of this difference arises the controversy.

The tax collector, in support of his demand for license, contends. that the omission of " saw-mills " from the enumeration in the Act of 1890, is of non-effect, because the act contains no general repeal-ing clause, but only provides " that all laws or parts of laws in con-flict with this act are hereby repealed." He contends that there is. no conflict between the Section of the Act of 1886, which expressly taxes the business of saw-mills, and that of 1890, which simply omits. to tax it, and, therefore, that this provision of the Act of 1886 is unrepealed and remains in force. We can not approve this view. It seems to us perfectly clear that the Act of 1890 was designed to-formulate complete and exclusive regulations for the license taxes to be imposed for the year 1891 and subsequent years, " on all persons,. associations of persons, or business firms and corporations, pursu-ing any trade, profession, vocation, calling or business," as declared in its title. It is not a question of consistency or inconsistency of the two acts; it is a question of the supersession of the former by the later act. The rule is well settled, as declared by Mr. Sedgwick,. that even though the two statutes be not repugnant or inconsistent, yet if they relate to the same subject matter, and the later statute was clearly intended to prescribe the only rule that shall govern, it will repeal the former act. Sedgwick, Stat. Const. pp. 100, 104.

Our view is expressed in the very words of the United States. Supreme Court in an analogous case: "A careful comparison of these two sections can leave no doubt that it was the Legislative intention, by the latter statute, to revise the entire matter to which they both had reference, to make such changes in the law as it stood, as they thought best, and to substitute their will in that regard, entirely, for the old law on that subject. We are of opinion that it was their intention to make it a new law, and that law, em-bracing all that was intended to be preserved of the old, omitting-what was not so intended, became complete in itself and repealed all other laws on the subject embraced within it." Murdock vs. Memphis, 106 U. S. 601; King vs. Cornell, 106 U. S. 395.

We are also referred to the official journal of the House of Repre-sentatives, showing that the Act of 1890, as originally presented,. contained the word " saw-mills," and that an express amendment, to strike it out was offered and adopted.

Strenuous objection is made to our considering this reference, on the ground that the journal was not offered in evidence on the trial. Authorities are quoted to the effect that private statutes will not receive judicial cognizance unless offered in evidence; but these authorities do not cover the present point.

The official journals to be kept by the houses of the General Assembly are prescribed and regulated by the Constitution. They constitute official records and import presumptive verity. High authorities maintain the right of courts to refer to them, in order to ascertain the purpose and intent of the statute when not clearly expressed. Cooley Const. Lim. (4 Ed.), p. 164; Sutherland on Stat., Sec. 300; Wharton on Ev., Secs. 269, 290; Sedgwick Stat. Const., 54; Gardiner vs. Wall, 6 Wall. 508.

This court has frequently taken cognizance of such journals. Jones vs. Sheriff, 35 An. 999; Planting Company vs. Tax Collector, 39 An. 461.

This amendment establishes very clearly the legislative intent to exclude the business of saw-mills from license taxation.

It is claimed, however, that saw-mills are covered by Par. 1 of Sec. 3 of the Act of 1890, which imposes a license tax on " each business of manufacturing not expressly exempt by Arts. 206 and 207 of the Constitution." This clause is copied from the prior Act of 1886. It did not, in that act, embrace saw-mills, because they were expressly provided for in Section 9. It would be a very strained and unreasonable construction to extend the meaning of the same clause in the Act of 1890 so as to embrace saw-mills, when the Legislature had just manifested its purpose to exempt saw-mills by striking them out of the enumeration in Section 9. This would be to defeat, instead of enforcing, the manifest legislative intent.

We think the court below did not err in rejecting the tax collector's demand.

Judgment affirmed.