(45 South. 430.)

No. 16,653.

STATE ex rel. BROUSSARD, Dist. Atty., v. HENDERSON, Sheriff.

In re HENDERSON, Sheriff.

(Nov. 18, 1907.   Rehearing Denied Jan. 9, 1908.)

1. STATUTES—REPEAL—MODIFICATION.

Whilst it is well settled that repeals by implication are not favored, it is equally settled that, in determining whether one law conflicts with another, it is necessary to consider the purposes of both, and, if it appears that the purpose of the law last enacted is to cover the whole subject-matter dealt with by, and to modify or supersede, those previously enacted, their modification or supersession results, and must be declared.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 44, Statutes, § 230.]

2. DISTRICT ATTORNEYS—COMPENSATION.

The purpose of Act No. 96, p. 122, of 1880, was to deal with the whole subject of the duties and compensation of district attorneys, and, whilst there may have been some provisions of the then existing law which escaped its operation, it so modified and superseded that law as to preclude any recovery by the district attorneys of the one-fifth part of the fines imposed (after deducting the commission of the sheriff) in addition to the fee provided by section 3 of said act.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 17, District and Prosecuting Attorneys, § 20.]

3. SAME.

Articles 125 and 180 of the Constitution of 1898, whether taken separately or together, are not susceptible of the construction that they intend to allow district attorneys to collect commissions, as contradistinguished from fees, or fees, save as provided by the Constitution itself.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 17, District and Prosecuting Attorneys, § 20.]

(Syllabus by the Court.)

Certiorari from Court of Appeal, Parish of Iberia.

Application by the state, on the relation of Edwin Broussard, district attorney, for writ of mandamus to George Henderson, sheriff. Judgment for plaintiff was affirmed by the Court of Appeal, and defendant applies for certiorari or writ of review. Reversed, and proceeding dismissed.

See 41 South. 496, 117 La. 209.

Weeks & Weeks, William Augustus Wilkinson, Dist. Atty. Eleventh Judicial District, John N. Sutherlin, Dist. Atty. Second Judicial District, and James Martin Foster, Dist. Atty. First Judicial District (Alexander & Wilkinson, of counsel), for appellant. Foster, Milling & Godchaux, Joseph William Joffrion, Dist. Atty. Fourteenth Judicial District, John Crawford Theus, and James Pemberton Madison, for respondent.

Statement of the Case.

MONROE, J.  Relator applied to the district court for a writ of mandamus to compel the sheriff to pay over to him, from fines collected by the sheriff, after deducting a commission of 10 per cent. due to the latter, one-fifth of the balance, to which he alleges that he is entitled under the law. The sheriff alleged that the balance referred to belongs to the school board of the parish, and that it is his intention to turn it over to that body, unless he should be otherwise ordered by the court. The district court issued the mandamus, as prayed for, and its judgment having been affirmed by the Court of Appeal, the sheriff now invokes the jurisdiction of this court for the review of the ruling so made.

It is undisputed that prior to January 1, 1906, the sheriff had paid the commission here claimed to the district attorney and his predecessors in office, and that, in so doing, he was sustained by the opinions of the two Attorneys General who preceded the present

incumbent, but that the officer last mentioned has advised that the money be paid to the school board.

In 1870 the compensation of district attorneys throughout the state was regulated by certain provisions of the Revised Statutes, the substance of which (and, where considered necessary, the language) may be stated as follows, to wit:

Section 1044 (with which sections 1169 and 1519 are identical):

"The several district attorneys throughout the state shall be entitled to demand and receive one fifth of all sums, first deducting the percentage allowed by law to the sheriff for [collecting] and paying over the same, which may be collected on forfeited bonds, recognizances and fines imposed in criminal prosecutions and misdemeanors by any court."

"Sec. 1145. They shall be allowed a compensation of five per cent. on all amounts by them recovered and paid to the state, in cases not otherwise provided by law.

"Sec. 1146. The Attorney General and district attorney shall be entitled to receive the sum of fifteen dollars on each criminal prosecution in which the accused shall be convicted, to be taxed with the costs."

Section 1174 provides for the imposition of fines in certain cases upon judges, justices of the peace, and recorders, and allows a fee of $50 to the district attorney for the conviction.

Sections 1149 and 1176 provide for compensation in certain cases where the district attorney is employed by the State Auditor. Act No. 10, p. 12, of 1877 (Extra Sess.), repeals all laws authorizing the Auditor to employ special counsel.

The Constitution of 1879, referring to the district attorney, provides: Article 124 (having no application to the parish of Orleans):

That "he shall receive a salary of $1,000 per annum * * *. He shall also receive fees, but no fees shall be allowed in criminal cases except on conviction."

Act No. 96, p. 122, of 1880, is entitled:

"An act defining the duties of district attorneys throughout the state and fixing their fees."

Section 1 provides that it shall be the duty of the district attorneys (parish of Orleans excepted) to attend the sessions of the courts in their respective districts, and represent the state in all civil and criminal actions, and that, in districts where the Supreme Court holds its sessions, they shall also represent the state in all criminal cases coming before that tribunal.

Section 2 provides that it shall be the duty of the district attorney and his assistant, in the parish of Orleans, to conduct the prosecution of all criminal cases in the courts of that parish.

Section 3 provides:

"That the district attorneys throughout the state shall be entitled to receive, in addition to their salaries as allowed by the Constitution, the following fees, to-wit: Five dollars for each conviction on which the accused is finally sentenced only to pay a fine; ten dollars for each conviction on which the accused is finally sentenced to imprisonment in jail; fifteen dollars for each conviction on which the accused is finally sentenced to imprisonment in the penitentiary for a term shorter than life; twenty dollars for each conviction on which the accused is finally sentenced to imprisonment in the penitentiary for life; twenty-five dollars on which the accused is finally sentenced to death. He shall receive only one fee in any case, and shall not be paid his fee until the sentence has become final, on appeal or otherwise."

Section 4 provides that the district attorneys shall advise and represent the police juries and the school boards.

Section 5 provides:

"That the district attorneys throughout the state [the parish of Orleans excepted] shall receive a commission of five per cent. on all amounts they may collect in any suit in favor of the state, parish or school boards, and the commissions, as now allowed by law, for collections on forfeited bonds."

Section 6 reads:

"That all laws or parts of laws in conflict with this act be and the same are hereby repealed."

The Constitution of 1898 (article 125), referring to the district attorney, provides that:

"He shall receive a salary of $1,000 per annum. * * * He shall also receive fees; but no fee shall be allowed in criminal cases, except on conviction, which fees shall not exceed five dollars in cases of misdemeanor."

Article 180 reads:

"No officer whose salary is fixed by the Constitution shall be allowed any fees or perquisites of office, except where otherwise provided for by this Constitution."

Act No. 151, p. 322, of 1904, amends section 1 of Act No. 96, p. 122, of 1880, in so far as to relieve the district attorney for the parish of Orleans (where the Supreme Court holds its session) from the necessity of appearing in the city courts, and provides that, when they do appear, they shall collect their fees from the party convicted.

### Opinion.

Article 125 of the Constitution, as we have seen, allows a fee in a criminal case only on conviction, and limits the amount, in case of misdemeanor, to $5. When, therefore, the district attorney, after securing a conviction in such case, collects a fee of $5, he has received all that the law allows, and, if he collects part of the fine imposed as a fee, he collects a fee in excess of $5 in violation of the article. Upon the other hand, if he collects part of the fine as a commission, he violates article 180; since, if commission be not another name for fee, the collection falls within the prohibition that "no officer whose salary is fixed by the Constitution shall be allowed any * * * perquisites of office, except where otherwise provided for by this Constitution," as commissions, under such circumstances, are unquestionably perquisites, and are not thus provided for.

In other words, construing the two articles together, whilst relator is entitled to a fee, in addition to his fixed salary, or to a commission if the fee and the commission are one and the same, he cannot receive both in the same case, because the fee alone (to use the language of article 180 of the Constitution) is "otherwise provided for" (the provision being made in article 125), and the commission, when thus distinguished from the fee, falls within the meaning of the word "perquisite"; and perquisites, as well as fees, not "otherwise provided for," are prohibited.

Under the provisions of the Revised Statutes, it will be observed that the district attorney was entitled: (1) (after deduction of the 10 per cent. due the sheriff) to one-fifth of all amounts collected on forfeited bonds, or by way of fines imposed in criminal prosecutions and misdemeanors; (2) to 5 per cent. on amounts recovered and paid over by him in cases not otherwise provided for; (3) to $15 on each criminal prosecution in which the accused shall be convicted, the same to be taxed as costs; (4) to $50 for the conviction, under Rev. St. § 1174, of any judge, justice of the peace, or recorder, such conviction involving the imposition of a fine of $500. Under that legislation, therefore, in a prosecution resulting in a conviction and a fine of $100, he received $15 for the conviction, and $18 as one-fifth of the fine (after deducting 10 per cent. due the sheriff for collecting and paying over the money), and he received compensation as specified in other cases.

Turning, now, to act of 1880, entitled, "An act defining the duties of district attorneys throughout the state and fixing their fees," we find that by its terms district attorneys are to receive, in addition to their salaries as provided by the Constitution (of 1879), "fees for prosecutions resulting in convictions which are graded," and run from $5 to $25, after providing which the lawmaker goes on to say, "He shall receive only one fee in any case," and shall not be paid until the sentence becomes final.

Whether, then, Rev. St. §§ 1044, 1146, be regarded as allowing one fee of $33, in a case resulting in a conviction and a fine of $100, or two fees—the one of $15 and the other of $18—it is evident that the sections in question are superseded by the act of

1880, which provides that the fee in such case shall be $5, and that but one fee shall be allowed. If, upon the other hand, it being conceded that the $15 allowed by section 1146 must be reduced to $5, it be contended that there should be no reduction quoad the $18 allowed by section 1044, for the reason that that amount is allowed as a commission, and not as a fee, the inquiry suggests itself: Where do we find the authority to apply the word commission to the particular charge in question? It is not used in Rev. St. § 1044, and that section contemplates that the service to which it might be applied, i. e., the collection of the fine and its payment to the state, shall be rendered by the sheriff, the service of the district attorney being limited to the prosecution of the person from whom the collection is made. It will be noted in this connection that section 5 of the act of 1880 in providing for the compensation of the district attorney in cases where there is no conviction and hence no fee for that service describes such compensation as "commission" thus:

"Shall receive a commission of 5 per cent. on all amounts they may collect and the commission as now allowed by law for the collections on forfeited bonds."

And, whilst such description does not make the compensation going to an attorney any the less a fee, neither, in the other case, is his compensation any the less a fee because the amount is fixed as the aliquot part of a fine, which he does not collect, but which another officer is paid for collecting.

The learned counsel for relator and the learned judge of the district court and Court of Appeal have discussed the question of repeal vel non by implication, as involved in the construction of Act No. 96, of 1880, with the sections of the Revised Statutes to which we have referred, and have reached the conclusion that, in so far as the matter at issue is concerned, the statute last enacted does not repeal the others, because repeals by implication are not favored, and, as they think, there is no necessary conflict between the two. We entirely concur in the view that repeals by implication are not favored, but are unable to reach the other conclusion, because, for the reasons given, we think there is such conflict, and we are strengthened in that view by the consideration that, whilst it is settled that repeals by implication are not favored, it is equally well settled that, in determining whether one law conflicts with another, it is necessary to consider the purposes of both, and if it appears that the purpose of the law last enacted is to cover the whole subject-matter dealt with, and to modify or supersede those previously enacted, then the modification or supersession results, and must be declared. Sutherland on Statutory Construction, § 153; Id., § 154; Sedgwick on Construction of Laws, p. 105; King v. Cornell, 106 U. S. 395, 1 Sup. Ct. 312, 27 L. Ed. 60; Tracy v. Tuffly, 134 U. S. 206, 10 Sup. Ct. 527, 33 L. Ed. 879; Barnard, Sheriff, v. Gall and Pharr, 43 La. Ann. 959, 10 South. 5; State v. White, 49 La. Ann. 129, 21 South. 14.

Applying this rule to the instant case, we are of opinion that the purpose of Act No. 96, of 1880, was to deal with the whole subject of the duties and compensation of district attorneys, and that, whilst there may have been some provisions of the existing law which escaped its operation, it so modified or superseded those upon which relator relies as to preclude his recovery upon the claim which he here sets up.

It is therefore ordered, adjudged, and decreed that the judgment of the Court of Appeal which is here made the subject of review be annulled, avoided, and reversed; that the judgment of the district court, which was thereby affirmed, be likewise annulled, avoided, and reversed; and that relator's demand be rejected, and this proceeding dismissed, at his cost.