PROYOSTY, J.
The numerous plaintiffs in this case are residents and taxpayers of school district No. 7 of the parish of Webster and the parents of school children in said school district. They complain that the apportionments which the school board of the parish has heretofore been making of the school funds of the parish have not been in proportion to the number of children of school age, as is required by section 7 of Act No. 81 of 1888; and that, as a consequence, district No. 7 has failed of receiving its just quota of the said school funds by $4,500, even reckoning only since 1892; and they pray for a mandamus to compel the school board to make good that shortage, and in future to apportion the school funds in accordance with said statute. ■
In their petition the plaintiffs further complain that they have not even been allowed the full amount of a special tax voted by them in their district, nor their legal share of the sixteenth section school fund; but, in their brief, they do not insist upon the latter complaints.
Something was also said, in the oral argument, about the defendant’s having filed exceptions, and of the exceptions' having been overruled, and of the defendant having then filed its return to the alternative mandamus, and of the plaintiffs having objected to the filing of the return, on the ground that all defenses to an alternative mandamus must be presented at one time and cannot be allowed to be presented separately as in ordinary suits, and of the court’s having overruled said objection, for the reason that the defendant was entitled to a hearing, and had not had it on the prematurely filed exceptions which had not been considered at all, but had been simply thrown out as premature ; and we find in the transcript a document purporting to be a bill of exception reciting the foregoing, and in a vague and general way allusion is made to all of this in the brief. But we do not find the exceptions in question in the transcript, nor any reference to them in the minutes of the court; and the so-called “bill of exceptions” is not signed by the judge, and is not referred to in the minutes, and therefore is not a bill of exceptions, and cannot be considered by this court. We will add, however, that nothing could be more correct than the ruling of the court allowing the defendant a hearing. A hearing having been denied on the exceptions, the defendant was most unquestionably entitled to be heard on the regular return. Moreover, we find in the transcript an express agreement of counsel that the case be disposed of on its merits.
The defense is that section 7 of Act No. 81 of 1888^ relied upon as requiring the school board of each parish to apportion the school funds of its parish among the school districts of its parish in proportion to the-number of school children in the several school districts of the parish, was repealed by Act No. 214 of 1902, both by implication and expressly — by implication, because the said section was re-enacted verbatim and literatim, omitting the clause requiring said apportionment to be made; and expressly, because said act of 1902 repeals all laws in conflict with itself, and the provision requiring apportionment is thus in conflict. It conflicts with that clause making it obligatory upon the school boards to “determine the number of schools to be opened, the location *395 of tlie schoolhouses, the number of teachers to be employed, and their salaries.”
We agree with both of these contentions. Section 8 of Act No. 214 of 1902 is a re-enactment in full of section 7 of Act No. 81 of 1888, with the provision with regard to apportionment of the parish school funds left out. And it stands to reason that this provision for apportionment, by which the funds are to be distributed among the several districts by a east-iron rule, is in conflict with the provisions which require the school boards to determine the number of schools to be opened, the location of the schoolhouses, the number of teachers to be employed, and their salaries.
We agree with defendant that it is impossible to read section 7 of Act No. 81 of 1888, in connection with section 8 of Act No. 214 of 1902, and not be convinced that the latter was intended to be a complete substitute for the former. In the first place, said Act No. 214 of 1902 appears to have been intended to be a complete substitute for Act No. 81 of 1S88. Both acts seem to have been intended to provide a complete system of public schools. Their titles are the same, word for word, and the ground covered by every provision of the one is covered by a corresponding provision of the other. Section 8 of the later statute is a reproduction of section 7 of the earlier, save and except that the provision for the apportionment of the school funds is left out. And the omission was not accidental or unintentional, for the section was again enacted with the same significant omission by special act of 1904 (Act No. 167 of that year), and again in 1908 (Act No. 49 of that year).. The provision having thus been intentionally omitted, the purpose must have been to repeal it; there could not possibly have 'been any other ímrpose. The rule is that:
“In case a statute is re-enacted and some of' the provisions of the old law are omitted from the new, this constitutes a repeal of the omitted provisions.” 26 A. & E. E. of L. 735.
From the Lawyers’ Co-Operative Publishing Company’s Digest of United States Supreme Court Reports (1908) vol. 5, p. 5422, we take the following, in support of which several cases of the United States Supreme Court are cited, and a long list of the decisions of state courts:
“604. Although two acts are not in express terms repugnant, yet if the latter act covers the whole subject of the first and embraces new provisions, plainly showing that it was intended as a substitute for the first act, it will operate as a repeal of that act.”
From State ex rel. Broussard v. Sheriff, 120 La. 535, 45 South. 430, we take the following:
“Whilst it is well settled that repeals by implication are not favored, it is equally settled that, in determining whether one law conflicts with another, it is necessary to consider the purposes of both, and if it appears that the purpose of the law last enacted is to cover the whole subject-matter dealt with, and to modify or supersede those previously enacted, their modification of supersession results and must be declared.”
From Stewart v. Kahn, 11 Wall. 493, 20 L.Ed. 176, we take the following:
“It is a rule of law that where a revising statute, or one enacted for another, omits provisions contained in the original act,. the parts omitted cannot be kept in force by construction, but are annulled.”
From Murdoch v. Memphis, 20 Wall. 590, 22 L. Ed. 429, we take the following:
“A statute revising the whole subject of a former statute, and intended as a substitute therefor, preserves all of the old law that is embraced therein and repeals all that is omitted, without words to that effect.”
The repeal is express, because Act No. 214 of 1902 repeals all laws in conflict; and this provision for apportionment is in conflict with the provisions making it obligatory upon the school boards to “determine the number of schools to be opened, the location of the schoolhouses, the number of the teachers to be employed, -and their salaries.” The latter provision invests the school board -with absolute discretion in the matter of what number *397 of schools there shall he, and what number of teachers and what their salaries shall be. For the exercise of this discretion, a discretionary control of the school funds is .absolutely necessary, because schools cannot be established and maintained without funds. Discretionary control of the one necessarily carries with it discretionary control of the other.
The learned counsel for defendant suggests that the reason for the repeal of the cast-iron mode of distribution of the funds was that, in a great measure, it deprived the local authorities of a very necessary discretion in the apportionment of the school funds as between the races, with the result that in some parishes the colored children received the bulk of the school funds, although the whole of said funds, practically, had been contributed by the parents of the white children ; and that it also had the effect of making it impracticable to maintain schools in the sparsely settled parts of the country.
Be these reasons as they may, we find this provision in conflict with the later law, and therefore repealed.
The defendant board has submitted a full return to show that the charge of discrimination is unfounded; but that is a matter pertaining to the merits, into which we are not called upon to go.
The lower court denied the mandamus.
Judgment affirmed.