THOMPSON, J.
 

 The Webster parish school board fixed -the salary of the parish superintendent of public education at $5,000 per year beginning July 1,1925. This was an increase of $1,000 over the salary paid that official for the past several years.
 

 Thereupon the plaintiff, an elector and taxpayer of the parish, sued to annul the action of the school board and to prevent the.payment of the increased salary.
 

 The district -judge sustained the demand of the plaintiff and the case is here on appeal by the school board.
 

 The present superintendent had served as such for several years at the salary of $4,000 per year, and under his efficient administration the educational interest of the parish had been aroused and had made notable advancement along all lines. He was offered a position outside of the state at a much larger salary.
 

 In order to keep him and as a recognition of the value of his services .the school board felt justified-in raising the salary.
 

 Whether the action' of the board was wise or unwise we are not called upon to decide, that question being one addressed to the discretion of the board.
 

 The charge of ultra vires against the action of the board of school directors has for its foundation the provision of Act 120 of 1916, which declares that the salary of the parish superintendent of public schools shall be not more than $4,000 and not less than $900 per annum and traveling and office expenses.
 

 The cited provision, it is contended, is still the law by which the school board must be governed, while on the other hand the school board contends that the statute of 1916 has been superseded by the Constitution of 1921 and especially by the Act 100 of 1922.
 

 Article 250 of the Constitution of 1913 was in force at the time the act of 1916 was passed. That article declared that the salary of the parish superintendent “shall be provided for by the General Assembly to be paid out of the public school funds accruing to the respective parishes.”
 

 The act of 1916, passed pursuant to the foregoing constitutional authorization, did provide for the salary of the parish superintendents, but did not itself fix such salary. The act left it to the parish school board to fix the salary within certain minimum and maximum limitations.
 

 The Constitution of 1921, unlike that of 1913, did not even direct the Legislature to provide for the fixing of the salary of parish superintendents, but left it to the discretion of that body:
 

 “The Legislature shall provide for the creation and election of parish school boards which shalUelect parish superintendents for their re~spective parishes, and such other officers or agents as may be authorized by the Legislature.” Const. 1921, art. 12, § 10.
 

 Nor did the act of the Legislature of 1922 fix the salary of the parish superintendents or specially authorize the school boards to
 
 *485
 
 do so. The act provided, in relation to the office of superintendent, that:
 

 “Each board shall elect or appoint a parish superintendent of schools, having such qualifications as may be fixed by the state board of education, for a period of four years. The parish superintendent of schools shall not be required to be a qualified elector or a resident of the parish which he is to serve as superintendent. He shall be required to devote his entire time to the office of parish superintendent of schools. The first parish superintendent of schools selected under this act shall take office July 1, 1925.” Section 19.
 

 It is apparent that under the provisions of the Oonstitution of both 1913 and 1921, the matter of fixing the salary of parish superintendents was left entirely and primarily with the Legislature, that of 1913 in express terms and that of 1921 by omitting any reference whatever to such salaries.
 

 It is equally apparent that the act of 1916, inferentially, if not expressly, authorized the parish school boards to fix the salaries of the payish superintendents, the only inhibition being that the boards should not fix a salary less than $900 nor in excess of $4,000 per annum.
 

 Then the act of 1922 omitted entirely any reference to the salary of parish superintendents, thereby in our opinion removing the limitations placed on the power of the school board by the act of 1916.
 

 It may be added that even though the authority to fix the salary of the parish superintendents was not specially granted by the Legislature to the school boards, the authority to elect a parish superintendent necessarily carried with it the authority to fix his salary or compensation in the absence of any provision to the contrary.
 

 But the pivotal question recurs, Was the act of 1916 superseded by the act of 1922?
 

 The answer in our opinion can only be given in the affirmative.
 

 The last mentioned act did not purport to amend or to re-enact the act of 1916. If it had the parts of the old act omitted from the amendatory act would unquestionably have been repealed.
 

 The act of 1922 was independent legislation- and obviously intended to cover the whole subject-matter of the educational system of the state. The title of the act is, to provide a state board of education and parish boards, defining their duties and powers and providing for the administration and supervision of the public schools of Louisiana.
 

 The title of the act indicates and the enacting provisions clearly disclose an intention and purpose on the part of the Legislature to cover the entire matter considered necessary to be covered and to do away with all previous laws on the subject dealt with.
 

 Manifestly, therefore, any provision found in the act of 1916 relating to the educational system of the state not incorporated in the act of 1922 must be regarded as repealed. And this applies to the limitations on the power of the school board to fix the salary of the parish superintendent put in the act of 1916 but omitted from the act of 1922.
 

 It must be presumed that the Legislature had in mind the act of 1916 when it passed the act of 1922. Some of the provisions of the last named act are almost identical with the prior act, at least in substance if not in language.
 

 Thus section 19 of the act of 1922 provides that each board shall elect a parish superintendent, having qualifications as may be fixed by the state board of education. He shall be elected for a term of four years. He shall not be required to be a qualified elector of the parish which he is to serve. He shall devote his entire time to the duties of the office.
 

 Section 27 of Act 120 of 1916 provides that the parish boards shall elect a superintendent of public schools for a term of four years: He shall not be otherwise employed. He shall be a person of high moral character;
 
 *487
 
 a practical educatoy, and shall not be required to be a resident of the parish in which he is elected to serve as superintendent.
 

 So it will be seen that the provisions of the two acts'relating to the election of the superintendent and his qualifications are' substantially the same. It seems therefore, if it had been the purpose to retain any part of the act of 1916, and especially that part limiting the salary of the superintendent, the act of 1922 would have so declared.
 

 It is a familiar principle, it is true, that repeals by implication are not favored, but on the other hand it is equally a well settled rule of law that where the obvious purpose of a law is to cover the whole subject-matter therein dealt with, it supersedes all prior legislation pertaining thereto.
 

 In United States v. Tynen, 11 Wall. 88. 20 L. Ed. 153, one of the leading cases on the subject, the Supreme Court of the United States said:
 

 “And even where two acts are not in express terms repugnant, yet if the latter act covers the whole subject of the first, and embraces new provisions, plainly showing that it was intended as a substitute for the first act, it will operate as a repeal of that act.”
 

 And our own court in Wood v. Bateman, 149 La. 290, 88 So. 824, said:
 

 “The act thus quoted, being independent legislation, not only repealed or superseded all previous legislation in conflict with its provisions, but obviously, to cover the whole sub-, ject-matter with which it deals, it superseded all prior legislation pertaining thereto.”.
 

 See list of authorities cited.
 

 Our conclusion is that the provision limiting the salary of parish superintendents of education as contained in Act 120 of 1916 was repealed or superseded by the Act 100 of 1922, and that the authority to fix the salary of such superintendents is vested in the parish board of school directors.
 

 For the reasons assigned, the judgment appealed from is yeversed, and the demand of the plaintiff is rejected, at his costs.