165 So. 176

## ST. TAMMANY HOMESTEAD ASS'N v. BOWERS.

No. 33182.

Dec. 2, 1935.

Burns & Burns, of Covington, for appellant.

J. Monroe Simmons, of Covington, for appellee.

LAND, Justice.

Plaintiff brought foreclosure proceedings in the lower court against defendant on a note for the sum of $3,200, secured by vendor's privilege and special mortgage.

Defendant filed a rule invoking relief under Act No. 159 of 1934, the Moratorium Law, setting up inability to meet her payments under the terms of her agreement as set out in act of sale.

Plaintiff association filed an exception of no right or cause of action to the rule, on the ground that Act No. 159 of 1934 did not apply to foreclosure of vendor's privileges, but related exclusively to mortgages.

This exception was maintained by the district court, in so far as defendant sought to stay the enforcement of the vendor's privilege, and defendant appealed to this court.

Subsequent to the decision of the lower court and the taking of the appeal, Act No. 159 of 1934 was superseded by another Debt Moratorium Act, known as Act No.

2 of the Second Extra Session of 1934, which was approved by the Governor November 21, 1934.

Section 15 of this act reads as follows: "This act shall not be held *to repeal or affect* any suspension or moratorium *granted* under the provisions of Act 159 of 1934, but any such suspension or moratorium *granted* under said act shall remain in force during the period for which the same was *granted,* subject to revision or alteration as provided in Section 7 of this act." (Italics ours.)

Act No. 2 of the Second Extra Session of 1934 covers the whole subject-matter embraced in the former act. Section 15 of the act protects only such suspensions or moratoriums as had been *granted* under the former act, and none had been *granted* in this case. Obviously, the latter act was intended as a supersession of the former.

In Knight v. Webster Parish School Board, 164 La. 482, 114 So. 104, 106, we held that "where the obvious purpose of a law is to cover the whole subject-matter therein dealt with, it supersedes all prior legislation pertaining thereto."

Our conclusion is, therefore, that Act No. 159 of 1934 was superseded by Act No. 2 of the Second Extra Session of 1934.

In Doss et al. v. Board of Com'rs of Mermentau Levee District, 117 La. 450,

at pages 453, 454, 41 So. 720, 721, the Court said: "The repeal of an act is a complete bar to further proceedings. The case comes to an end vi majori, and none of the parties to the suit can recover judgment. They come to a stand-still, to an impassable wall, and it only remains for the court to dismiss the action.

"Neither of the parties is in a position to claim or receive costs. No proceedings can be pursued under a repealed statute, though begun before the repeal, unless by special clause in the repealing act."

Defendant had not secured a suspension or moratorium under Act No. 159 of 1934, and her proceedings are not saved or protected by section 15 of the repealing act. Her present proceedings must now fall, and she must be relegated to such procedure as she may desire to take before the Debt Moratorium Commission in which original jurisdiction has now been placed by Act No. 2 of the Second Extra Session of 1934.

It is ordered, therefore, that the appeal in this case be dismissed, with reservation to appellant of the right to take such procedure before the Debt Moratorium Commission as may have been granted to her under the provisions of the new moratorium act, Act No. 2 of the Second Extra Session of 1934.