In Board of Com'rs of Port of New Orleans v. Hibernia Nat. Bank, 219 La. 208, 52 So.2d 753, this court said:

> "It seems apparent that a suit, having as its sole object the judicial declaration of rights which do not presently, and may never, require enforcement is neither a monied demand nor one in which the matter in contest can be said to be capable of monetary appraisement. Manifestly, such an action involves merely the declaration of a right made justiciable by statute. LSA–R.S. Title 13:4231–13:4246, and is therefore appealable to the Court of Appeal under Section 29 of Article 7 of the Constitution."

It is ordered that this appeal be transferred to the Court of appeal for the First Circuit provided the record is filed in that court within 30 days from the date upon which this decree shall become final; otherwise, the appeal shall be dismissed. The costs incurred in this court shall be paid by appellant.

61 So.2d 464

**STATE v. ST. JULIAN.**

No. 41020.

Oct. 28, 1952.

Fred S. LeBlanc, Atty. Gen., M. E. Culligan, Ass't. Atty. Gen., Griffin T. Hawkins, Dist. Atty., Lake Charles, for State, relator.

George W. Liskow, Lake Charles, for respondent.

PONDER, Justice.

Griffin T. Hawkins, District Attorney for the Fourteenth Judicial District of .Louisiana, brought proceedings in the Parish of Calcasieu seeking to set aside an order issued by the District Judge, dated September 15, 1952 commanding the jury commission of Calcasieu Parish to select a grand jury to meet on October 6, 1952 and a petit jury to serve for'the week beginning Monday, October 20, 1952. Upon hearing the lower court denied the demand and overruled the motion to set aside the order. On application of the District Attorney, remedial writs were granted, a rule was issued and the matter has now been submitted for our determination.

The order in controversy was issued pursuant to the provisions of Act No. 303 of 1952, LSA–R.S. 15:179, 15:180, ordering the jury commission to select twenty names from the general venire box to serve as grand jurors at the term of court beginning Monday, October 6, 1952 at 10:00 a. m. and to select the names of fifty men to serve as petit jurors for the week beginning Monday, October 20, 1952.

The District Attorney takes the position that the order is erroneous and that the grand jurors and the petit jurors must be selected in accordance with Act No. 158 of 1952. Act No. 158 of 1952 amends and reenacts Sections 179, 180, 181 and 182 of

Title 15 of the Louisiana Revised Statutes of 1950. Its title reads as follows:

### An Act

"To amend and reenact Sections 179, 180, 181 and 182 of Title 15 of the Louisiana Revised Statutes of 1950 so as to additionally authorize the selection of not more than six hundred persons for the general venire, the drawing of not more than one hundred names to serve as petit jurors for each week, and to provide for the placing of the names of the petit jurors, so drawn, in sealed and marked envelopes, and to provide for the selection of a larger number of names from the general venire list to make up the Grand Jury list."

This act was passed as House Bill No. 541 on June 23, 1952 and approved by the Governor on June 29, 1952.

Act No. 303 of 1952 was passed at a later date, on July 2, 1952, as House Bill No. 189 and was approved by the Governor on July 9, 1952. Act No. 303 amends and reenacts Sections 179 and 180 of Title 15 of the Louisiana Revised Statutes of 1950 and its title provides:

### An Act

"To amend and re-enact as amended, Sections 179 and 180 of Title 15 of the Revised Statutes of 1950."

This act provides for the jury commission to select the names of three hundred persons to serve as jurors and that the jury commission shall select twenty citizens from this venire list to serve as grand jurors.

A mere reading of the two acts shows that they are in direct conflict. Act No. 158 provides that the general venire list shall consist of the names of three hundred (300) persons, or such number of persons not to exceed six hundred (600) as the district judge may direct and from this list the names of not less than fifty (50) citizens and not more than seventy-five (75) are to be selected as grand jurors. Act No. 303 provides that the general venire list shall consist of the names of three hundred (300) persons and from this list twenty (20) names are to be selected as grand jurors.

This later act, Act No. 303 of 1952, impliedly repeals all of Act No. 158 of 1952 in conflict therewith because it is the last expression of the legislative will.

Article 23 of the LSA–Civil Code provides that "The repeal is * * * implied, when the new law contains provisions contrary to, or irreconcilable with those of the former law."

We are not unmindful of the fact that it is our duty to harmonize and reconcile the acts if possible. But there is no way to reconcile these acts because they are in direct conflict.

We also recognize that repeals by implication will not be indulged in if there is any other reasonable construction. In State v. Standard Oil Company of Lou-

isiana, 188 La. 978, 178 So. 601, 626, we said "that prior laws are repealed by subsequent laws only in case of positive enactment or clear repugnancy (Johnson v. Pilster, 4 Rob. 71); that nothing short of irreconcilable conflict between two statutes works a repeal by implication (Bank of Lecompte v. Lecompte Cotton Oil Co., 125 La. 844, 51 So. 1010; City of New Orleans v. New Orleans Jockey Club, 129 La. 64, 55 So. 711; State ex rel. Hyams' Heirs v. Grace, 173 La. 215, 136 So. 569)."

The rule has been well recognized in City of New Orleans v. Board of Supervisors, 216 La. 116, 145, 43 So.2d 237, 247 that "In the case of State v. Shushan, 206 La. 415, 19 So.2d 185, 190, this court approved and re-adopted 'The principle announced by the textwriters that "laws are presumed to be passed with deliberation, and with full knowledge of all existing ones on the same subjects"' and observed: 'In view of this well-recognized legal principle, it is not reasonable to conclude that the Legislature, in enacting a particular statute, intends that it shall be immediately nullified by another statute enacted at the same session. The principle that a repeal by implication is not favored by law is especially applicable as between two statutes passed at the same session of the Legislature. And where two acts relating to the same subject matter are passed at the same legislative session, there is a strong presumption against implied repeal, and they are to be construed together, if possible, so as

to reconcile them, giving effect to each, and thereby avoid an implied repeal, rather than to infer that one destroys the other.'"

While it is true that repeals by implication are not favored, it is equally true that, where the obvious purpose of the law is to cover the whole subject matter therein dealt with, it supersedes all prior pertinent legislation. State ex rel. Broussard v. Henderson, 120 La. 535, 45 So. 430; Wood v. Bateman, 149 La. 290, 88 So. 824; Connell v. Commission Council, 153 La. 788, 96 So. 657; State v. McClellan, 155 La. 37, 98 So. 748, 31 A.L.R. 527; Knight v. School Board, 164 La. 482, 114 So. 104; St. Tammany Homestead Ass'n v. Bowers, 183 La. 987, 165 So. 176; State v. Tate, 185 La. 1006, 171 So. 108.

The rule of statutory construction is well stated in Crawford on Statutory Construction on page 262, paragraph 166:

"Conflicting Provisions.—As above suggested, the court should seek to avoid any conflict in the provisions of the statute by endeavoring to harmonize and reconcile every part so that each shall be effective. It is not easy to draft a statute, or any other writing for that matter, which may not in some manner contain conflicting provisions. * * * It may be that two provisions are irreconcilable; if so, the one which expresses the intent of the law-makers should control. And the arbitrary rule

has been frequently announced that where there is an irreconcilable conflict between the different provisions of a statute, the provision last in order of position will prevail, since it is the latest expression of the legislative will. Obviously, the rule is subject to deserved criticism. It is seldom applied, and probably then only where an irreconcilable conflict exists between different sections of the same act, and after all other means of ascertaining the meaning of the legislature have been exhausted. Where the conflict is between two statutes, more may be said in favor of the rule's application, largely because of the principle of implied repeal."

From a reading of all of these rules governing statutory construction, it is apparent that where the acts are in direct conflict the arbitrary rule, that the statute last in order of position will prevail, must be applied. This rule is recognized by the above quoted article of the LSA–Civil Code with reference to laws where the former law is irreconcilable. There is no other reasonable rule that could be applied to conflicting statutes passed at the same session of the legislature than to hold that the later expression of the legislative will must govern.

We therefore conclude that Act No. 303 of 1952 being the last expression of the legislative will impliedly repeals all parts of Act No. 158 of 1952 in conflict therewith.

For the reasons assigned, the rule is discharged and the judgment of the lower court is affirmed.