Dear Mr. Kent:
As Public Land Administrator, you have asked this Office for an opinion concerning an apparent conflict between certain statutes pertaining to the administration of tax adjudicated land subsequent to 1974.
By way of review, we are aware that by virtue of Act No. 612 of 1974, the parishes, in name only, became the adjudicatees with respect to the seizure and sale of immovable property for delinquent taxes. In all other respects, the State Land Office remained the agency for the administration and management of tax adjudicated property subsequent to 1974 although the parishes were given a limited right to acquire full ownership and possession thereof upon a declaration that the property was needed for a valid public purpose. L.R.S. 47:2258.
In 1989, the State Land Office was removed altogether as the administrative agency and replaced by the sheriffs of the respective parishes whose responsibility over tax adjudicated property is considered complete including the authority to redeem same if the tax debtor comes forward during the redemptive period. However, after the redemptive period, the property is to be turned over to the State Land Office so that the State, as owner, shall lease, transfer, or sell the property as provided by law. L.R.S. 47:2260.
Although this requirement to turn the property over to the State Land Office has never been specifically repealed, it appears that more recent Legislation has been enacted which gives local governmental bodies plenary authority to administer and manage tax adjudicated property adjudicated to them subsequent to 1974 without the necessity of transferring this property to the State Land Office in any respect.
For instance, in order to collect its back taxes, liens, and other charges due, a parish or municipality may gain possession of tax adjudicated property, through court order, and, without the necessity of public bid lease or rent the property and collect the rentals therefrom. L.R.S. 33:2862. Once all back charges have been collected and all the obligations have been paid in full, the parish or municipality must issue a certificate of redemption and surrender possession of the property to the tax debtor. L.R.S. 33:2864(A).
Moreover, after the redemption period, the parish or municipality may sell the property in accordance with L.R.S. 33:2867-2869 which sale will be considered beyond attack after the lapse of one (1) year from the date of the registry in the conveyance office of the deed to the purchaser. L.R.S. 33:2872.
In light of this latest legislation, you have asked what jurisdiction, if any, your office has over tax adjudicated property adjudicated to local governmental bodies after 1974.
After review by this office of these statutes, we are of the opinion that local political subdivisions now have complete authority for the administration and management of tax adjudicated property subsequent to 1974. It is quite apparent that the new legislation has repealed by implication any previous legislation wherein the State Land Office was given limited responsibility for the sale of tax adjudicated property.
Although two (2) statutes addressing the same subject matter should be reasonably construed together if possible (La. C. C. art. 17) where there is an irreconcilable conflict, one statute must prevail. State v. St. Julian, 221 La. 1018, 61 So.2d 464 (1952). In our opinion, a statute which requires a local political subdivision to transfer tax adjudicated property to the State Land Office for disposition after the redemption period and one which grants the same local body the authority to sell such property and execute all the necessary deeds and warranties pursuant to said sale are inapposite. Thus, as the latest expression of legislative will, Act No. 961 of 1990 (L.R.S. 33:2861, et seq.) granting parishes and municipalities authority over the administration and management of tax adjudicated property after 1974 including the responsibility and authority to not only lease this property without public bid but to sell same after the redemptive period must prevail and thus your office no longer has jurisdiction over this property.
If we may be of further services in this matter, please advise.
Very truly yours,
 WILLIAM J. GUSTE, JR. Attorney General
 BY: DAVID C. KIMMEL Assistant Attorney General
DCk/vrr