MOISE, Justice.
 

 This is an appeal by the Board of Commissioners for the Pontchartrain Levee District from a judgment of the district court sustaining an attack by Namatala Nassar, a resident and property owner within the territorial limits of the district, on the proceedings of the board authorizing the issuance of $2,000,000 of negotiable bonds.
 

 The board, availing itself of the provisions of Section 8 of Article XVI of the Constitution of 1921, as amended pursuant to Act No. 398 of 1946, adopted a resolution on October 11, 1947, authorizing the issuance of $2,000,000 of negotiable bonds for the purpose specified in the constitutional provision. This resolution was duly published in the official journal of the board on November 21, 1947. On April 6, 1948, the plaintiff instituted this suit attacking the validity of the bonds. The defendant board filed a plea of prescription of-30
 
 *217
 
 days and exceptions of no cause and no right of action, and answering the petition, generally denied the allegations thereof. The case was then submitted on the pleadings.
 

 The trial judge overruled the plea of prescription and the exceptions of no cause and no right of action and, on the merits, sustained the attack on the validity of the bonds, rendering judgment accordingly.
 

 The plea of prescription is based on the limitation of 30 days designated by the Constitution as the period within which proceedings may be filed attacking the legality of the bonds, such period to begin from the date of the adoption of the bond resolution or, at the latest from the date of the promulgation of such resolution, according to the contention of the board.
 

 We think the trial judge properly overruled the plea of prescription. ■ The-only limitation placed in the Constitution is that the attack on such bonds must-be urged “within thirty (30) days from date of the issuance of said bonds,” clearly contemplating the printing and signing thereof by the proper officials preparatory to their sale. That this was the intention of the lawmakers is shown when the entire constitutional provision is read, for the board is authorized “to issue, sell and deliver * * * interest bearing, coupon bonds”. No evidence having been adduced- on the trial of this case and the record not showing that these bonds have been printed -and signed and are now ready for sale, it is our opinion that this suit was timely filed.
 

 The grounds advanced by the plaintiff in support of his attack on the legality of the resolution of the board authorizing the issuance of these bonds on the merits (1) that they (the bonds) were authorized prior to the approval of the plans and specifications by the Department of Public Works for the State of Louisiana, (2) that all of the property within the district is sought to be burdened with a debt that is being incurred for the exclusive benefit of the improvements being located in the lower portion of the district, in violation of the 14th Amendment to the Constitution of the United States, and (3) that the prescription period fixed by the Constitution for attacking the legality of the bonds to be-issued thereunder is indefinite and obscure, are without merit.
 

 By this constitutional amendment the Board of Commissioners for the Pontchartrain Levee District is vested with full power and authority, and it is made the board’s mandatory duty in order to protect-the lands situated within this district which borders on the shores of Lake Pontchartrain from the intersection of the Orleans and Jefferson Parish Line to the east end of the Bonnet Carre Spillway from the flood waters released-from the Mississippi River through this spillway, to locate, relocate, construct, maintain, extend, and im-. prove levees, -embankments,, seawalls*, jetties, breakwaters and- other,w.ork$ in-,relar
 
 *219
 
 tion thereto. To this end the board is authorized to finance the work by the issuance, sale, and delivery of negotiable, interest bearing coupon bonds, from time to time, in the aggregate of $2,000,000. The responsibility of locating and relocating and constructing these works is placed within the exclusive province of the board. The Department of Public Works is merely designated as the agency through which the preparation of the plans, specifications, and designs are made, and the agency to perform all of the engineering and construction supervision involved in the improvements authorized by the amendment, subject to the approval of the board.
 

 There is no provision requiring the submission of the plans and specifications of the proposed improvements by the Department of Public Works for approval before the board is authorized to issue the bonds. Nor can it be said that the board .is acting arbitrarily or capriciously in carrying out the mandate of the Constitution within the powers granted and the limitations imposed. The plaintiff having neither alleged nor shown in what respect he is being deprived of his property without due process, these allegations constitute nothing more than the conclusion of the' pleader and need no further comment.
 

 The prescriptive period fixed for attacking the legality of the bonds issued by the board is not indefinite and obscure, as just above demonstrated in disposing of the plea of prescription.
 

 For the reasons assigned the judgment of the lower court is annulled and set aside and plaintiff’s suit is dismissed, at his cost.