AYRES, Judge.
This is an appeal from a judgment sustaining an exception of no cause of action and dismissing plaintiff’s demands in an action to nullify his marriage as having been contracted in contravention of the provisions of Article 161 of the Civil Code.
The record reveals plaintiff, Heron R. Dickerson, was divorced from Jewel Milam Dickerson in February, 1969. The divorce action instituted by the wife was based upon plaintiff’s adulterous relationship with defendant, Elizabeth Flanigan Hed-lund Hennen, who was named as corespondent in that action. Plaintiff’s petition alleges he and the defendant, though domiciled in Caddo Parish, Louisiana, were later married on April 7, 1969, in Dallas, Texas, in violation of the laws of this State. It is this marriage he seeks to annul as being prohibited by Article 161.
The defendant filed an exception of no right and of no cause of action and alleged that Article 161 of the Civil Code was repealed by Act 317 of 1970. However, on trial of the exception, plaintiff’s counsel pointed to a later act, Act 739 of 1970, which was said to be the last expression of the Legislature with respect to the aforesaid article.
The trial judge did not rule on the exception of no right of action. Therefore, the merits of that exception are not now before us.
To fully understand the exception of no cause of action, examination of the provisions of Article 161 and the acts upon which the parties respectively rely is a prerequisite.
Prior to the 1970 session of the Legislature, Article 161 appeared as follows:
“Art. 161. Nullity of marriage with accomplice in adultery
“Art. 161. In case of divorce, on account of adultery, the guilty party can never hereafter contract matrimony with his or her accomplice in adultery, under the penalty of being considered and prosecuted as guilty of the crime of bigamy, and under the penalty of nullity of the new marriage; provided, however, that marriages contracted in this or any other state prior to the effective date hereof in contravention of this Article but which are not invalid under any other laws of this state shall be deemed valid. (Amended by Acts 19S8, No. 340, Sec. 1; *253 Acts 1962, No. 271, Sec. 1; Acts 1966, No. 182, Sec. 1; Acts 1968, No. 591, Sec. 1.)”
The pertinent parts of Act 317 upon which defendant relies read as follows:
“Section 1. Article 161 of the Louisiana Civil Code is hereby repealed in its entirety.
“Section 2. Marriages contracted in this or any other state prior to the effective date hereof in contravention of said Article 161, but which are not invalid under any other laws of this state shall be deemed valid.”
Plaintiff-appellant relies on Act 739' of 1970, which states:
“Section 1. Article 161 of the Louisiana Civil Code is hereby amended and reenacted to read as follows:
“Article 161. Nullity of marriage with accomplice in adultery
“Art. 161. In case of divorce, on account of adultery, the guilty party can never hereafter contract matrimony with his or her accomplice in adultery, under the penalty of being considered and prosecuted as guilty of the crime of bigamy, and under the penalty of nullity of the new marriage; provided, however, that marriages heretofore contracted in contravention of this Article but which are not invalid under any other laws of this state shall be deemed valid. The provisions of this act shall not apply to marriages contracted between March 1, 1969 and July 1, 1969." (Emphasis added.)
It must be noted that the controversy in question arose because the marriage plaintiff seeks to have annulled was celebrated during the four-month period during which the provisions of Act 739 were not to apply.
This court is faced with two Acts, passed during the same session of the Legislature, which cannot be reconciled.
In State v. St. Julian, 221 La. 1018, 61 So.2d 464, 466 (1952), the Supreme Court reviewed the law governing the effect of two conflicting Acts passed during the same session of the Legislature:
“From a reading of all of these rules governing statutory construction, it is apparent that where the acts are in direct conflict the arbitrary rule, that the statute last in order of position will prevail, must be applied. This rule is recognized by the above quoted article of the LSA-Civil Code [LSA-C.C. Art. 23] with reference to laws where the former law is irreconcilable. There is no other reasonable rule that could be applied to conflicting statutes passed at the same session of the legislature than to hold that the later expression of the legislative will must govern.”
We therefore conclude that Act 739 of 1970 is the last expression of the Legislative will, and, therefore, repeals all parts of Act 317 of 1970 in conflict therewith. Since plaintiff’s marriage was celebrated during the period exempted by the validating provision of Act 739, we find that plaintiff’s petition sets forth allegations which, if proved to be true on the trial of the case on its merits, would entitle him to judgment.
However, defendant, in brief and in oral argument before this court, asserts that Act 739 of 1970 is unconstitutional for various enumerated reasons. We must nevertheless take note of the fact that the unconstitutionality of a statute is an affirmative defense and must be specially pleaded. That has not been done. In Merrett v. Shreveport Municipal Fire & Police C.S. Bd., 72 So.2d 519, 528 (La.App., 2d Cir.1954), we held:
“All laws are presumed to be constitutional until the contrary is clearly shown and one urging the unconstitutionality of a law must specifically plead its unconstitutionality and show specifically *254 wherein it is unconstitutional. State v. Great Atlantic & Pacific Tea Company, 1938, 190 La. 925, 183 So. 219, certiorari denied Great Atlantic & Pacific Tea Company v. State of Louisiana, 305 U.S. 637, 59 S.Ct. 108, 83 L.Ed. 410; Stovall v. City of Monroe, 1941, 199 La. 195, 5 So.2d 547; Ricks v. Close, 1942, 201 La. 242, 9 So.2d 534; National Bank of Commerce in New Orleans v. Board of Sup’rs of La. State University and Agricultural and Mechanical College, 1944, 206 La. 913, 20 So.2d 264; A. Sulka & Company v. City of New Orleans, 1945, 208 La. 585, 23 So.2d 224; and where the pleader’s allegations do not state in what respect he is being deprived of property or personal rights without due process of law, such allegations are mere conclusions and need not be considered by the court. Creel v. Creel, 1950, 218 La. 382, 49 So.2d 617; Olivedell Planting Co., Inc. v. Town of Lake Providence, 1950, 217 La. 621, 47 So.2d 23; Nassar v. Board of Com’rs for Pontchartrain Levee Dist., 1948, 219 La. 214, 36 So.2d 761.”
Therefore, in the absence of a plea of unconstitutionality, we must presume that Act 739 of 1970, upon the provisions of which plaintiff relies, is constitutional and valid.
For these reasons, the judgment appealed is annulled, avoided, reversed and set aside; the exception of no cause of action is now overruled; and this cause is remanded to the Honorable First Judicial District Court in and for Caddo Parish for further proceedings consistent with the views herein expressed and in accordance with law.
Defendant-appellee is assessed with the cost of this appeal, the assessment of all other costs to await final judgment.
Reversed, exception overruled, and case remanded.