MILLER, Judge.
This is a mandamus proceeding filed by several residents of Lafayette Parish, Louisiana, to compel the Lafayette Parish School Board to establish and maintain special education classes for one or more types of mentally retarded children as specified in LSA-R.S. 17:1943 et seq. Defendants filed an exception of no cause of action and an answer to the petition. After trial on the merits, the trial judge dismissed the suit and plaintiffs have taken this appeal.
This writ is sought on the basis of Act 180 of the 1970 Legislature which amended LSA-R.S. 17:1943 et seq. by deleting “only when teachers or facilities are available” from the former provisions regarding the establishment of special classes for the mentally retarded. Plaintiffs-appellants argue that the 1970 amendment made establishment of these special classes mandatory. Defendants-appellees take the position the school board has to establish these special classes only when it is “feasible”, making it discretionary and therefore not subject to a writ of mandamus.
After trial on the merits, the trial judge denied the writ of mandamus on the basis that there was no clear legal right to the remedy and there was no arbitrary or capricious abuse of discretion, citing the case of State ex rel. Torrance v. City of Shreveport, 231 La. 840, 93 So.2d 187 (1957). We agree with the trial court’s denial of the writ of mandamus. We are constrained to hold, however, as a matter of law, that since the 1960 Code of Civil Procedure, mandamus is available only to compel the performance of a mandatory act and will not lie to compel performance of a discretionary duty by a public officer or board even in cases in which there has been an abuse of discretion. LSA-C.C.P. Articles 3861-3863.
The following are pertinent extracts from the Act 180 of 1970, to-wit:
“Types of'children who shall be eligible for Special educational or training services established by parish or city school boards or for whom services may be purchased from designated funds available to the State Department of Education.” (LSA-R.S. 17:1943) Emphasis supplied. “ * * * school boards shall, subject to the limitations hereinafter specified, establish and maintain special educational and/or training facilities and classes. * * *” (LSA-R.S. 17:1944) Emphasis supplied.
“When for any reason it is not feasible for parish or city school boards to establish public classes for (the) special education * * * then the State Department of Education is authorized to pay tuition costs in approved private schools. * * *” (LSA-R.S. 17:1945) Emphasis supplied.
The language in these statutes makes the establishment of special classes mandatory only when “feasible”. Webster defines the word “feasible” as “capable of being done or effected”; “practicable” and “capable of being dealt with successfully.” It is the discretion allowed the school board to determine what is “feasible” that makes mandamus inappropriate.
Plaintiffs-appellants argue that even if discretion is available to the school board, such discretion has been abused. After trial on the merits the trial court held there was no abuse of discretion. We agree with this conclm sion.
The judgment of the trial court dismissing the petition for a writ of mandamus is affirmed at plaintiffs-appellants’ costs.
Affirmed.