388 So.2d 865 (1980)
James U. BLANCHARD, III et al.,
v.
James H. BROWN, Secretary of State for the State of Louisiana.
No. 13905.
Court of Appeal of Louisiana, First Circuit.
August 8, 1980.
*866 Henry T. Dart, New Orleans, for plaintiffs-appellees, James U. Blanchard, III, Timothy I. Murray, John Sylvester, III, Gerard Michael Schott, et al.
Carmack M. Blackmon, Asst. Atty. Gen., Baton Rouge, for defendant-appellant, James H. Brown, Secretary of State for the State of Louisiana.
Before COVINGTON, CHIASSON, PONDER, LEAR and COLE, JJ.
PER CURIAM.
The defendant, Honorable James H. Brown, Secretary of State for the State of Louisiana, has devolutively appealed from a judgment directing him to perform a purported purely ministerial act.
We have reviewed the entire record thoroughly and find that the written reasons for judgment by the trial judge are excellent and manifestly correct. Exhaustive research merely confirms his conclusions on each alleged error specified by the appellant; any additions by us would merely entail verbiage.
Accordingly, we adopt the reasons of the trial judge, contained in "Appendix A", annexed hereto, as our own.
Pursuant to LSA-R.S. 13:5112, the defendant-appellant is assessed with costs in the amount of $173.71.
AFFIRMED.
*867
 APPENDIX A
JAMES A. BLANCHARD, III, ET AL : NUMBER 237,193 DIVISION "H"
VS. : 19TH JUDICIAL DISTRICT COURT
JAMES H. BROWN, SECRETARY OF : PARISH OF EAST BATON ROUGE
STATE FOR THE STATE OF
LOUISIANA : STATE OF LOUISIANA
WRITTEN REASONS AND JUDGMENT
PAUL B. LANDRY, Judge Pro Tem.
This is an action by ten members of the Libertarian Party, one from each congressional district of Louisiana, and two from the State at large, to compel the Honorable James H. Brown, Secretary of State for the State of Louisiana (Secretary), to qualify plaintiffs as a slate of independent nominees for presidential elector in the presidential election to be held November 4, 1980. All plaintiffs are registered voters and are otherwise qualified to serve as presidential elector.
Pursuant to Act 523 of 1977, LSA-R.S. 18:1254A, effective January 1, 1978, plaintiffs, on June 18, 1980, served notices of candidacy with the Secretary, accompanied by certified check in the sum of $500.00. Act 523 of 1977 provides:
"A. Slates of independent candidates for presidential elector may be nominated by nominating petitions or may qualify by the payment of a qualifying fee of five hundred dollars. Such qualifying fee shall be paid in accordance with the provisions of R.S. 18:464(A). An independent candidate for presidential elector may be registered to vote with or without a declaration of party affiliation."
Predicated on Act 588 of 1977 (LSA-R.S. 18:1254), effective January 1, 1978, enacted one day subsequent to passage of Act 523, above, the Secretary rejected plaintiffs' attempt at qualification for the office of presidential electors. Act 588, above, pertinently states:
"A. A slate of independent candidates for presidential elector may be nominated by nominating petition."
In rejecting Plaintiffs' attempted qualification the Secretary also relied upon an opinion of the Attorney General, State of Louisiana, Number 80-549, dated April 24, 1980, in which the Attorney General stated that Act 523 of 1977, was impliedly repealed by Act 588 of 1977, and that nomination of independent slates for presidential elector could be legally accomplished only by nomination papers.
Not only did the Secretary of State decline to accept Plaintiffs' attempted nomination at this time, he has made it clear that nomination for the office in question may be by nomination petition alone and that any future attempt by Plaintiffs to qualify by payment of a $500.00 fee would be rejected and denied.
LSA-R.S. 18:1255 provides that nomination for the office of presidential elector shall commence on the first Tuesday of August (August 5, 1980), and end at 5:00 P.M. on the first Tuesday of September (September 2, 1980).
Plaintiffs concede they may not qualify prior to August 5, 1980. The prayer of Plaintiffs' petition requests that an order issue to defendant "-directing that he receive the certificates of nomination of plaintiffs, together with a certified check from the Libertarian Party in the amount of $500.00 and that he qualify Plaintiffs as electors in the upcoming presidential election, on or before 5:00 P.M. September 2, 1980, or show cause to the contrary."
Plaintiffs urge, however, there is no conflict between Acts 523 and 588, above. They also maintain that both statutes can be given effect pursuant to the rules of statutory interpretation and that the net *868 effect of both laws is to allow nomination for presidential elector either by payment of a fee or by nominating petition.
The Secretary has filed pleas of prematurity, unauthorized use of summary proceedings, and no cause of action.

THE EXCEPTION OF PREMATURITY
It is urged in this respect that Plaintiffs are attempting to qualify before the qualifying period officially begins on August 5, 1980. This argument is patently without merit. As noted above, Plaintiffs pray only that the Secretary be directed to qualify Plaintiffs by certification and payment of the fee required by Act 523, above, prior to the close of the nomination period at 5:00 P.M. September 2, 1980. Plaintiffs are not requesting nomination at this time.
As pointed out by Plaintiffs, the Secretary has made it clear that he will not at any time accept qualification by payment of the fee provided for in Act 523, above. The Secretary has also made clear the fact that nomination for independent slates of presidential elector is authorized by nominating petition only and that he will at no time accept any other form of nomination for such office.
The portion of Plaintiffs' prayer quoted above asks not that Plaintiffs be nominated at this time, but only that the Secretary be required to qualify Plaintiffs pursuant to Act 523, above, within the qualification period established by law. Plaintiffs' demands are not premature. The exception of prematurity is overruled.

UNAUTHORIZED USE OF SUMMARY PROCEEDINGS
The Secretary objects to the use of summary proceedings on the ground he has no duty to accept any form of nomination until the qualifying period officially commences. With this position the Court is in complete agreement. As already noted, however, Plaintiffs do not seek nomination at this time. They ask only that their alleged right to qualify by payment of the fee provided by Act 523, above, be recognized and made available to them during the official qualifying period.
Mandamus may issue to compel a public official to perform a purely ministerial duty. LSA-C.C.P. Article 3863. LSA-R.S. 18:1255 designates the Secretary as the official before whom Plaintiffs must qualify. Consequently, if Plaintiffs may qualify pursuant to Act 523, above, the Secretary may be compelled to accept such method of qualification if acceptance is found to be a ministerial duty. Slusser v. Credeur, 252 So.2d 688 (La.App. 3d Cir. 1971).
Since time is of the utmost importance in this instance, because qualifying may only take place within the interval prescribed by law, if Plaintiffs are entitled to the rights asserted, such rights can be protected and insured of fulfillment only by an expeditious determination thereof. Summary proceedings were intended for use in just such a situation as exists here because ordinary process is inadequate to protect the rights asserted. The exception of unauthorized use of summary proceedings is overruled.

EXCEPTION OF NO CAUSE OF ACTION
The Secretary argues that Plaintiffs fail to allege a cause of action because Plaintiffs have failed to establish the right to nomination for presidential elector by payment of a fee. This position more properly addresses the merits of the case and will be disposed of in the Court's consideration of the merits.
The Secretary also urges that he is under no duty to accept Plaintiffs' filings until the qualifying period officially begins. This argument has been previously disposed of in the Court's ruling on the Secretary's plea of prematurity, in which it pointed out that Plaintiffs are not requesting nomination prior to commencement of the official qualifying period. The exception of no cause of action is overruled.

THE MERITS
The salient issue is whether or not Act 523 of 1977 has been impliedly repealed by Act 588 of 1977. The Secretary contends *869 the statutes are in conflict and therefore Act 588 having been subsequently enacted, must prevail, thus allowing qualification only by nominating petition. Conversely, Plaintiffs contend the terms of the statutes are not irreconcilable; that they may be construed together, and; that both may be given effect. Therefore, Plaintiffs maintain they have the right to qualify either by payment of the required fee or by nominating petition.
The rule of statutory construction applicable to statutes enacted at the same legislative session and affecting the same subject is stated in Chappuis v. Reggie, 222 La. 35, 62 So.2d 92 (1952) as follows:
"The uniform jurisprudence is to the effect that all statutory provisions are to be given effect whenever possible. If acts can be reconciled by a fair and reasonable interpretation, it must be done, since the repeal of a statute by implication is not favored and will not be indulged if there is any other reasonable construction. Moreover, where two acts relating to the same subject are passed at the same legislative session, there is a strong presumption against implied repeal, and they are to be construed together, if possible, so as to reconcile them, giving effect to each. In the latter case this Court quoted with approval the following language: `Where it is possible to do so, it is the duty of the courts in the construction of statutes, to harmonize and reconcile laws * * *. These rules are particularly applicable to statutes passed at or about the same time, or at the same session of the legislature since it is not presumed that the same body of men would pass conflicting and incongruous acts." (citations omitted)
In State v. St. Julian, 221 La. 1018, 61 So.2d 464 (1951), the Court noted:
"The principle that a repeal by implication is not favored by law is especially applicable as between two statutes passed at the same session of the Legislature. And where two acts relating to the same subject matter are passed at the same legislative session, there is a strong presumption against implied repeal, and they are to be construed together, if possible, so as to reconcile them, giving effect to each, and thereby avoid an implied repeal, rather than to infer that one destroys the other."
It thus appears well established that where conflict exists between statutes passed at the same legislative session, the statute enacted last will prevail. If such statutes are not in conflict and thus may be construed together, both are given effect.
The Court finds no conflict between Acts 523 and 588 of 1977. The latter contains no language indicative of legislative intent that Act 588 shall prescribe the only method of qualification for presidential elector. Neither does Act 588 expressly overrule Act 523.
The instant case is distinguishable from Dickerson v. Hennens, 249 So.2d 251 (La. App. 2nd Cir. 1971), in which one statute validated a marriage while another adopted at the same legislative session invalidated the marriage, and irreconcilable conflict. Accordingly, in Dickerson, above, the Court held that the second statute impliedly overruled the first.
Act 588 of 1977, does not purport to exclude methods of qualifying other than by nominating petition. Therefore, the Court concludes that the fee payment of qualifying authorized by Act 523 of 1977, was intended to remain as an alternative method of qualifying. The statutes can thus be read together and both be given effect. In this regard, it is noted that the Election Code permits candidates for all other offices to qualify either by nominating petition or payment of a fee. Allowing nominees for presidential elector to qualify by payment of a fee appears consistent with the general scheme and intent of the Election Code to permit candidates for all offices to so qualify. Nominees for presidential elector are thus placed on a par with nominees in general so far as nominating procedure is concerned.
*870 Additionally, this Court is of the view, and holds, that inherent in the basic philosophy of our democratic form of government, it is the principle that participation in governmental affairs and the pursuit of political office is an individual right to be encouraged. The corollary of this tenet is that laws governing nomination of candidates for public office should be liberally construed to foster rather than deter, to facilitate rather than to hinder the qualification for candidacy for public office. There appears no valid reason to deny presidential electors the right to nomination by payment of a fee, a right given all other candidates for office.
The Court concludes that Act 523 is a viable, effective statute pursuant to which candidates for presidential elector may be nominated by either method therein provided.
There remains the question of whether Plaintiffs are entitled to enforcement of their right by mandamus.
Section 1255, above, makes it the duty of the Secretary to accept qualifying documents from candidates for the office involved herein. It is clear that the Secretary is required to accept nominating documents from a candidate utilizing any authorized method of nomination. It is equally clear that the Secretary is required to accept any proper nominating documents submitted within the period provided for by law.
As previously noted herein, mandamus will lie where delay in obtaining relief by ordinary means will result in injustice. La.-C.C.P. Article 3863. In this instance time is of the essence. It is extremely doubtful whether ordinary process admits of a complete, meaningful and orderly determination of Plaintiffs' rights prior to expiration of the nominating period involved herein.
Mandamus will lie to compel prompt and proper performance by a public official of a purely ministerial act. State ex rel. Schwegmann Bank & Trust Co. v. Jeansonne, 144 So.2d 159 (La.App. 1st Cir. 1962).
The duty of the Secretary to accept nomination documents is purely ministerial. Section 1255, above, affords the Secretary no discretion to refuse to accept qualifying documents which comply with the law governing nomination for presidential elector. State ex rel. Elston, et al. v. Parish Democratic Executive Committee for Parish of Plaquemines, et al., 173 La. 844, 138 So. 857 (1931). See also Dupuy v. Jones, 15 So.2d 528 (La.App. 1st Cir. 1943); State v. Toups, 95 So.2d 55 (La.App. 1st Cir. 1957).
IT IS ORDERED, ADJUDGED, AND DECREED that defendant, James H. Brown, Secretary of State for the State of Louisiana, be and he is hereby ordered, directed and mandated to receive the certificates of nomination of Plaintiffs, together with a certified check from the Libertarian Party in the amount of $500.00 and that he qualify Plaintiffs as electors in the upcoming presidential election, on or before 5:00 P.M., September 2, 1980, and that said Secretary be cast for such costs to which he is amenable at law.
Baton Rouge, Louisiana, this 21st day of July, 1980.