WATKINS, Judge.
This case presents the question of whether a state police officer whose heart condition was aggravated over a period of many years partly as a result of his employment in that office is entitled to disability retirement as one whose “injury” was sustained “in line of duty” under LSA-R.S. 40:1428(B)(2) or to disability retirement under LSA-R.S. 40:1428(B)(3) as one who is disabled as a result of a “continued illness”. The percentage of salary at which the disabled police officer is retired differs considerably, being 75% under (B)(2) and a floating percentage depending upon years of service under (B)(3), the greatest percentage being 60% and the smallest percentage being 30% under that subsection. The State Police Retirement Board and the District Court both determined that the retired police officer fell under (B)(3). We affirm.
The officer in question, Joseph Guillory, who was 36 years of age on December 28, 1978, and at that time weighed 242 lbs. and was 6’2” in height, was employed as a state trooper from July 1, 1973 to January 18, 1979. He sustained three heart attacks during this time, and underwent coronary bypass surgery. His personal physician, Dr. D. J. deBlanc of Opelousas, recommended that he not undertake further work as a state police officer because of his disabling heart condition. Guillory also suffers from obesity, a hiatal hernia, esophagitis, and ulcers. Dr. deBlanc found that Guillory’s condition was aggravated by his work as a state police officer. Dr. T. R. Kilpatrick, who examined Guillory at the Retirement Board’s request, also so found. We shall assume, as we indeed believe was the case, that Guillory’s heart condition was aggravated by the performance of his work as a state police officer.
The statute that applies in determining the percentage of pay Guillory is to receive as disability retirement is 40:1428. There are two parallel and inconsistent versions of that statute, which was amended by two *163 Acts of the legislature in 1978.[1] The later amendment controls, as it impliedly repealed the earlier amendment. LSA-C.C. art. 23; Dickerson v. Hennen, 249 So.2d 251 (La.App.2d Cir. 1971). We quote the later version as it stood at the time of Guillory’s retirement in 1979, before its subsequent amendment by La. Act No. 242 of 1980, Sec. 1:
“A. Eligibility for disability benefits, procedures for application for disability benefits, procedures for certification of continuing eligibility for disability benefits, the authority of the board of trustees to modify disability benefits, and procedures governing the restoration to active service of a formerly disabled employee are specifically described and provided for in R.S. 42:702 through R.S. 42:706.
B. The board of trustees shall award disability benefits to eligible members who have been officially certified as disabled by the State Medical Disability Board. The disability benefit shall be determined as follows:
(1) In case of partial disability from injury received in the line of duty, a monthly pension in the discretion of the board of trustees, of not less than the amount the officer would have received, disregarding age and years of service requirements, a pro rata portion of the minimum benefit if the years of service are less than the minimum required for retirement, had he retired under authority of R.S. 40:1426 or the date of this disability retirement, and of not more than seventy-five percent of his average salary, shall be paid to the disabled officer under the provisions of this Subpart.
(2) In case of total disability, resulting from injury received in the line of duty, a monthly pension of seventy-five percent of his average salary shall be paid to the disabled employee under the provisions of this Subpart.
(3)Any sworn, commissioned, law enforcement officer of the division of state police who is a member of the system who has become totally disabled or incapacitated because of continued illness or as a result of an injury received, even though not in the line of duty, but is not eligible for retirement under the provisions of R.S. 40:1426 may apply for retirement under the provisions of this Subsection. The employee shall be retired at thirty percent of his average salary for five or more years but less than ten years of service credit, forty percent of his average salary for ten or more years but less than fifteen years service credit, fifty percent of his average salary for fifteen or more years but less than twenty years service credit, and sixty percent of his average salary for twenty years and over service credit.”
Thus, if an “injury” which results in total disability is sustained in the line of duty, Subsection (B)(2) applies. If an “injury” not sustained in the line of duty is the cause of total disability, or if “continued illness” is the cause of total disability, then Subsection (B)(3) applies.[2] Elements of both (B)(2) and (B)(3) total disability could be present here, if we take “injury” to mean simply “physical or mental harm”. Guillory did sustain some physical harm. Also, unquestionably, he had a “continued illness”, and thus fell under (B)(3). There must be a cut-off point, however, at which an injury is so insubstantially, slowly or imperceptibly received or sustained as a result of the employment that it is not an “injury” in and of itself, but a “continued illness.” An aggravation of a preexisting condition in cases of more precipitous development of the illness falls under (BX2) as an “injury”, and in cases in which the development was more gradual and less directly related to employment (or not related at all) falls under (B)(3) as a “continued illness”. We need not say precisely when *164 (B)(3) begins to apply. Suffice it to say that a serious heart disease (accompanied by other serious medical conditions) which is aggravated over a period of many years partly as a result of the performance of one’s work as a state police officer, falls under (BX3), not (B)(2). Guillory is entitled to retirement pay only under (B)(3), as he falls within the category of police officers suffering from a “continued illness”. The judgment of the trial court is affirmed, at appellant’s cost.
AFFIRMED.

. La. Act No. 532 and La. Act No. 727.

. We herein apply “injury” solely to the present statute, as a category opposed to “continued illness”. We do not look to the definitions of injury used for other purposes, e. g. workmen’s compensation, where there is no category designated “continued illness”.