BOWES, Judge.
In this mandamus action, the West Jefferson Levee District appeals from an alternative judgment of the trial court ordering it to either pay an executory money judgment for lands taken and used for levee purposes or to issue Levee Improvement Bonds and to utilize the proceeds *833 from the sale of the Levee Improvement Bonds to satisfy the petitioner’s judgment and to assess a tax pursuant to La. Const. Art. 6 § 42 to fund the payment of the bonds. We amend and, as amended, affirm.

ANALYSIS

On March 6, 1987, the Levee District instituted expropriation proceedings against the defendants under the “quick taking” statute, LSA-R.S. 38:351 et seq. which authorizes a levee district to acquire property for levee purposes prior to judgment. The taking involved a servitude over approximately 46 acres of a 196-acre parcel of land.
Prior to trial, the Levee District deposited the sum of $72,855.00 into the court registry as compensation for the expropriation; following the trial, the jury awarded defendants $992,902.00 for the value of the land taken by the servitude and $300,917.00 in severance damages to the remainder, subject to a credit for $72,855.00 previously deposited by the Levee District. The judgment was affirmed by this Court on appeal, West Jefferson Levee Dist. v. Mayronne, 595 So.2d 672 (La.App. 5 Cir.1992) and writs were denied on September 4, 1992 by the Louisiana Supreme Court, 605 So.2d 1094 (La.1992). In addition, the parties entered into a consent judgment on September 13, 1990 which awarded defendant 18% in attorney fees and $56,829.48 in court costs.
On November 4, 1992, defendants filed a petition for mandamus pursuant to LSA-R.S. 38:390 A.[1] A hearing was held on the petition for mandamus on December 16, 1992. At that time, the testimony reflected that, although the Levee Board had adequate funds to satisfy the judgment, these funds consisted of operating funds and could not be diverted without a total dismantling of the Levee District. Testimony also reflected that an ad valorem tax could be assessed at the end of 1993, and the district could begin paying on the judgment in early 1994.
After the conclusion of trial, the court rendered judgment as follows:
IT IS ORDERED, ADJUDGED AND DECREED that there be Judgment herein in favor of petitioners, making the Alternative Writ of Mandamus peremptory and that a Writ of Mandamus issue herein pursuant to LSA-R.S. 38:390A ordering the West Jefferson Levee District, or its successor entity, to either pay to petitioners the principal sum of $1,220,964.00, plus legal interest on that sum from March 7, 1987 until paid, attorney’s fees in the amount of 18% of the aggregate of the above principal amount and accumulated legal interest from March 7, 1987 until paid, and court costs in the amount of $56,829.48, plus legal interest on that sum from March 4, 1988 until paid, OR to forthwith issue with all deliberate speed Levee Improvement Bonds, as authorized by LSA R.S. 38:471 et seq., in amounts sufficient to satisfy the judgments rendered in favor of petitioners and to utilize the proceeds from the sale of said Levee Improvement Bonds to satisfy petitioners’ judgments.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the West Jefferson Levee District shall forthwith levy, in accordance with Article 6, § 42 of the La. Constitution of 1974, on all taxable property within the West Jefferson Levee District, a tax sufficient to pay for said Levee Improvement Bonds and that the proceeds of the tax ordered to be levied shall be utilized by the West Jefferson Levee District to fund all interest and principal payments, along with all costs and expenses associated with the issuance of said Levee Improvement Bonds;
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that a status conference shall be held between all counsel and the Court not later than forty (40) days from the date of rendition of this Judgment for the purpose of counsel for the West Jefferson Levee District advising the Court and counsel for peti *834 tioners on the status of the Levee Improvement Bond issuance; and
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the West Jefferson Levee District shall pay all costs associated with these proceedings.
(Emphasis supplied).
The Levee District has appealed, alleging that the trial court erred in ordering the issue of levee improvement bonds.
The law applicable to the issuance of a writ of mandamus was set forth by the Louisiana Supreme Court in Felix v. St. Paul Fire and Marine Ins. Co., 477 So.2d 676, 681 (La.1985):
La.Code Civ.P. art. 3861 defines ‘mandamus' as a writ directing a public officer or a corporation or an officer thereof to perform any of the duties set forth in arts. 3863 and 3864. A writ of mandamus may be directed to a public officer to compel the performance of a ministerial duty required by law. La.Code Civ.P. art. 3863. A writ of mandamus may be issued in all cases where the law provides no relief by ordinary means or where the delay involved in obtaining ordinary relief may cause injustice. La. Code Civ.P. art. 3862.
It is well settled that mandamus will lie to compel performance of prescribed duties that are purely ministerial and in which no element of discretion is left to the public officer. There must be a clear and specific legal duty which ought to and can be performed. State ex rel. Hutton v. City of Baton Rouge, 217 La. 857, 47 So.2d 665 (1950); Blanchard v. Brown, 388 So.2d 865 (La.App. 1st Cir.), writ denied, 386 So.2d 919 (La.1980). [Footnote omitted].
LSA-R.S. 38:390 provides that:
A. If the amount finally awarded exceeds the amount so deposited, the court shall enter judgment against the levee district or levee and drainage district and in favor of the persons entitled thereto for the amount of the deficiency. The final judgment together with legal interest thereon shall be paid within sixty days after becoming final. Thereafter upon application by the owner or owners, the trial court shall issue a writ of mandamus to enforce payment.
B. If the amount finally awarded is less than the amount so deposited, the court shall enter judgment in favor of the levee district or levee and drainage district and against the proper parties for the amount of the excess together with legal interest from the date of withdrawal of the deposit to the date of payment.
In the event that a Levee District does not have sufficient funds to satisfy the judgment, as is the case herein, the Louisiana Constitution of 1974, Article 6 § 42 A mandates that the Levee District shall levy a tax to satisfy the judgment:
Section 42. (A) Compensation. Notwithstanding any contrary provision of this constitution, lands and improvements thereon hereafter actually used or destroyed for levees or levee drainage purposes shall be paid for as provided by law. However, nothing contained in this Paragraph with respect to compensation for lands and improvements shall apply to batture or to property the control of which is vested in the state or any political subdivision for the purpose of commerce. If the district has no other funds or resources from which the payment can be made, it shall levy on all taxable property within the district a tax sufficient to pay for property used or destroyed to be used solely in the district where collected.
As stated by the trial court in its reasons for judgment, the Levee District has acknowledged the appropriateness of this manner of payment:
The Levee District acknowledges petitioners should be paid and requests that the Court enforce payment by ordering a tax assessment pursuant to Art. 6, § 42 of the Louisiana Constitution of 1974, which assessment will be collected and paid to.petitioners in or about January, 1994.
This district court, apparently in an attempt to grant petitioners more immediate *835 relief, ordered the Levee District to issue Levee District Bonds pursuant to LSA-R.S. 38:471 which reads as follows:
The board of commissioners or other governing authority of any levee district or levee and drainage district in the state may issue bonds of the district, in addition to any bonds which it is now authorized by law to issue, for the purpose of constructing levees, drainage, levee drainage, and for all other purposes incidental thereto, including the purchase of equipment, the payment of the cost of lands and improvements thereon used or destroyed for levees, drainage, or levee drainage purposes, and for the payment of any outstanding indebtedness incurred for such purposes or for any one or more of such purposes. The bonds shall be known as ‘Levee Improvement Bonds’ and shall mature in annual installments in the amounts which shall be prescribed by the board of commissioners of the district beginning not more than three years from their date and running not more than forty years from their date. The bonds shall bear interest as provided in R.S. 39:1421 et seq., payable annually or semiannually. The bonds shall be sold at the time or times and in the amounts which the board of commissioners of the district shall determine.
[Emphasis supplied].
The language of the statute, and particularly the word “may,” reflects that the Levee Board is given discretion in deciding whether to issue the bonds and for what purpose the bonds are to be issued. The decision to issue is not a purely ministerial duty required by law and, therefore, in accordance with the above cited jurisprudence, the Levee District can not be ordered, by a writ of mandamus, to issue these bonds at this time.
Accordingly, we conclude that, while the trial court correctly ordered that the judgments at issue be paid by the Levee District, with all deliberate speed through the levying of a tax, a method of payment which the Levee Board apparently has acknowledged as being appropriate, it erred in ordering, at this time, that the Levee District issue bonds in accordance with LSA-R.S. 38:471 et seq., supra, to effect the payment. We reach this conclusion because of the discretion which that statute grants to the Board and because there is no showing at this time that the tax ordered to be levied will not produce sufficient funds to pay the judgments within the first year that the tax is collected.
Whether or not the court could, or should, issue such an order in the event that the proceeds of the tax levied by the Board is not sufficient to pay the judgments in their entirety, as mentioned above, is not before us at this time and is a decision to be determined in the light of future events.
Accordingly, we amend the judgment of the trial court to provide:
IT IS ORDERED, ADJUDGED AND DECREED that there be Judgment herein in favor of petitioners, making the Alternative Writ of Mandamus peremptory and that a Writ of Mandamus issue herein pursuant to LSA R.S. 38:390A ordering the West Jefferson Levee District, or its successor entity, to either pay to petitioners immediately the principal sum of $1,220,964.00, plus legal interest on that sum from May 7, 1987 until paid, attorney’s fees in the amount of 18% of the aggregate of the above principal amount and accumulated legal interest from May 7, 1987 until paid, and court costs in the amount of $56,829.48, plus legal interest on that sum from March 4, 1988 until paid, or to forthwith levy, with all deliberate speed, in accordance with Article 6, § 42 of the La. Constitution of 1974, on all taxable property within the West Jefferson Levee District, a tax sufficient to satisfy the judgments rendered in favor of the petitioners as described above and to pay these judgments to petitioners as soon as possible and without undue delay.
As amended, we affirm the judgment of the trial court. All costs of this appeal are to be divided equally between plaintiff and defendants.
*836 AMENDED, AND AS AMENDED, AFFIRMED.

. See text, infra.