WILLIAMS, Judge.
Plaintiffs, William and Marlene Craig, appeal a trial court’s judgment sustaining defendants’ exception of no right of action and dismissing their wrongful death and survival action.
FACTS
The decedent, Lisa Craig Bamburg, was the daughter of the plaintiffs, William and Marlene Craig. The decedent was employed by the defendant, Scandia, Inc., and died while at work on June 12, 1985. At the time of her death, Mrs. Bamburg was judicially separated from her husband, Glynn Bam-burg. However, the matrimonial regime had not been terminated by a final judgment of divorce. There were no children born of the marriage between Glynn Bamburg and the decedent.
Plaintiffs filed a wrongful death and survival action alleging that they have a remedy in tort for the intentional acts of several of the defendants which resulted in Lisa Bam-burg’s death. Defendants, Scandia, Inc. and Southwestern Electric Power Company, subsequently filed a peremptory exception of no right of action contending that because the decedent left a surviving spouse, the parents had no right of action under LSA-C.C. Art. 2315. Plaintiffs then filed a supplemental and amending petition alleging that the decedent had been judicially separated from her husband for more than four years, Mr. Bam-burg had not suffered any damages as a result of his wife’s death, and he had only joined in the lawsuit to assist the parents in maintaining their action.[1] The plaintiffs further asserted that the decedent was living with her parents at the time of her death.
The trial court maintained defendants’ exception finding that Mr. Bamburg was a surviving spouse within the meaning of LSA-C.C. Art. 2315 and his right to recover super-ceded the rights of the parents. Plaintiffs appeal.
DISCUSSION
At the time of Mrs. Bamburg’s death, LSA-C.C. Art. 2315 provided in pertinent part:
Every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it.
[[Image here]]
The right to recover all other damages caused by an offense or quasi offense, if the injured person dies, shall survive for a period of one year from the death of the deceased in favor of: (1) the surviving spouse and child or children of the deceased, or either such spouse or such child or children; (2) the surviving father and mother of the deceased, or either of them, if he left no spouse or child surviving; and (3) the surviving brothers and sisters of the deceased, or any of them, if he left no spouse, child, or parent surviving. The survivors in whose favor this right of action survives may also recover the damages which they sustained through the wrongful death of the deceased....
Appellants contend the term “spouse”, as used in LSA-C.C. Art. 2315, does not include a physically estranged, judicially separated, judicially at fault, former spouse who had neither a physical, emotional, financial nor viable legal relationship with the decedent for four years. They argue Mr. Bamburg is not a “spouse” because the judicial separation terminated his right to receive the civil effects of the marriage. They also argue that a conclusion that Mr. Bamburg is a surviving spouse is contrary to the principles of statutory construction because such a conclusion is absurd, does not give effect to the intent of the article, and does not give the terms of the article their common meaning.
It is well settled that the right of action created by Article 2315 may be extended only to the statutorily designated beneficiaries enumerated in the article and these classes of beneficiaries must be strictly construed. Roche v. Big Moose Oil Field Truck Service, 381 So.2d 396 (La.1980), cert. dismissed, 449 U.S. 808, 101 S.Ct. 54, 66 L.Ed.2d 11 (1980); Ruffin v. Leevac Corp., 543 So.2d 626 (La.App. 1st Cir.1989), writ denied, 548 So.2d 330 (La.1989); Allen v. *946 Burrow, 505 So.2d 880 (La.App. 2d Cir.1987), writ denied, 507 So.2d 229 (La.1987).
The legal and ordinary meaning of the word “spouse” is one’s wife or husband. Black’s Law Dictionary (5th ed. 1979); Webster’s New Collegiate Dictionary (9th ed. 1991). At the time of Mrs. Bamburg’s death, the former LSA-C.C. Art. 136, which provided for the dissolution of marriage, stated that marriage is dissolved by the death of a spouse, a divorce or a legal declaration that the marriage is null and void. Article 136 also provided that a separation from bed and board did not dissolve the marriage. Thus, we have no recourse but to hold that even though the Bamburg’s were judicially separated, the deceased left a “surviving spouse” within the meaning of Article 2315. Palermo v. Allstate Ins. Co., 415 So.2d 437 (La.App. 1st Cir.1982); Harris v. Lumbermen’s Mutual Casualty Co., 48 So.2d 728 (La.App. 1st Cir.1950). Under Article 2315, the appellants are excluded from the class granted the statutory right to recover for the death of their daughter because her marriage to Glynn Bamburg had not been terminated by divorce. Palermo, supra; Harris, supra.
During oral argument, appellants suggested they should be allowed to proceed because Mr. Bamburg had renounced his rights under Article 2315. However, there is no language in the article that permits a member of a secondary class to file a wrongful death or survival action when a beneficiary of a primary class declines to exercise his or her right to institute suit. Article 2315 must be strictly construed. The rights granted by Article 2315 are granted by special statute to specified survivors in order of exclusionary preference. Collins v. Becnel, 297 So.2d 506 (La.App. 4th Cir.1974). Since that article does not specifically authorize a secondary class of beneficiaries to proceed if a beneficiary of a primary class renounces his or her rights, we decline to adopt appellants’ argument. Thus, the parents are excluded as beneficiaries under Article 2315 because their daughter left a surviving spouse.
Appellants also contend that if this court fails to adopt their argument that their daughter was not survived by a spouse as contemplated by LSA-C.C. Art. 2315, then the codal provision violates the due process and equal protection clauses of the United States and Louisiana Constitutions.
All laws are presumed to be constitutional until the contrary is clearly shown and one cannot urge the uneonstitutionality of a statute unless its uneonstitutionality is specially pleaded and the grounds particularized. Johnson v. Welsh, 334 So.2d 395 (La.1976); Dickerson v. Hennen, 249 So.2d 251 (La.App. 2d Cir.1971). In their supplemental petition, the appellants claimed that the prior rulings by the courts of appeal holding that a judicially separated spouse is a “surviving spouse” within the meaning of Article 2315 “cannot stand due process analysis, and [such rulings are], in fact, contrived solely to defraud parents of substantial damages relative to the death of their grown child from intentional tort, for the benefit of the insurance industry and business....” [2]
When the pleader’s allegations do not state in what respect he or she is being deprived of property or personal rights without due process of law, such allegations are mere conclusions and need not be considered by the court. Dickerson, supra. Appellants mentioned the phrase “due process” in their supplemental petition but failed to elaborate on how their due process rights were being violated. Thus, there were no specific allegations to support their claim that the statute is unconstitutional. Nor did the trial court rule on this issue. Further, when the constitutionality of a statute is at issue, the attorney general must be served because he is an indispensable party. LSA-C.C.P. Art. 1880; Taylor v. Giddens, 618 So.2d 834 (La.1993); Injury Hotline v. Willie Wayne Houck, 621 So.2d 127 (La.App. 2d Cir.1993). Since the record reflects that the uneonstitutionality of LSA-C.C. Art. 2315 was not properly raised in the trial court, we decline to consider this issue on appeal.
*947 CONCLUSION
For the foregoing reasons, the judgment of the trial court sustaining defendants’ exception of no right of action is affirmed. Costs are assessed to the appellants.
AFFIRMED.

. Glynn Bamburg was also named as a plaintiff in this lawsuit.

. Plaintiffs filed their supplemental petition in proper person.