Dear Ms. Bridges:
You advise this office that the Legislative Auditor's Office is engaged in a performance audit of business tax incentive programs in Louisiana. In connection with this audit, the Legislative Auditor's Office has obtained a list of contracts associated with the business tax incentive programs from the Department of Economic Development. The Legislative Auditor's Office has requested that the Department of Revenue provide the amount of tax revenue for each contract both listed and unlisted. You inquire as to the legality of such a disclosure, as R.S. 47:1508
prohibits the Department of Revenue from disclosing confidential taxpayer information.
R.S. 47:1508, governing the Department of Revenue and entitled "confidential character of tax records", does in fact prohibit the disclosure of confidential taxpayer information, with limited exceptions. A violation of the nondisclosure requirement is punishable by imprisonment for not more than two years and/or a fine of not more than ten thousand dollars. See R.S. 47:1508(C). Further legislative intent to protect the taxpayer is reflected in the provisions of the Public Records Act, R.S. 44:1, et seq., which specifically exempts from the requirement of disclosure "any tax return or the informationcontained in any tax return". See R.S. 44:4(1). The Public Records Act also cites R.S. 47:1508 as a legislative exemption to the laws pertaining to the public records. See R.S. 44:4.1(B)(28).
As noted, there are exceptions to the general prohibition of R.S.47:1508, as disclosure is permitted where made "in the administration and enforcement of the tax laws of this state or of a political subdivision of this state". See R.S. 47:1508(A)(1). Further, the Legislative Auditor is granted the specific authority to review confidential taxpayer information if the Legislative Auditor is conducting an audit of the activities of the Department of Revenue. See R.S. 47:1508(B)(10) and R.S. 24:513.1. Those portions of R.S. 47:1508(A)(1), R.S. 47:1508(B)(5), R.S. 47:1508(B)(8), R.S. 47:1508(B)(10), and R.S. 24:513.1 which define the prohibition and exceptions discussed are quoted in pertinent part:
 § 1508. Confidential character of tax records
 (A)(1) Except as otherwise provided by law, the records and files of the secretary of the Department of Revenue or the records and files maintained pursuant to a tax ordinance excluding ad valorem property taxes and ad valorem property tax assessment rolls, of any political subdivision are confidential and privileged, and no person shall divulge or disclose any information obtained from such records and files except in the administration and enforcement of the tax laws of this state or of a political subdivision of this state
 (B)(5) . . . .however, no such exchange of information shall be made in contravention of any provision of state or federal law prohibiting the dissemination of such information, nor shall such information be divulged except as provided by law, nor shall income tax records be divulged to any department, agency, or political subdivision of this state, another state, or the United States, except the Department of Revenue, or equivalent agency of another state, or the Internal Revenue Service of the United States and then only on a reciprocal basis. In addition, information divulged under this Subsection shall only be given to an agency, which has agreed in advance to respect the confidentiality of such information.
 * * * * *
 (B)(8) The secretary from disclosing the name and address of any taxpayer who has filed an income or corporation franchise tax return, but he shall not disclose any tax data whatsoever with respect to any taxpayer, and such information shall be made available to any taxpayer upon his request.
 * * * * *
 (B)(10) The secretary or political subdivision from disclosing to the legislative auditor, or any members of his staff designated by him, those papers, books, documents, including tax returns and tax return information, films, tapes, and any other forms of recordation, including but limited to computers and recording devices which the legislative auditor in his discretion, deems necessary for the purpose of making an examination and audit of the books and accounts of the Department of Revenue, as provided in R.S. 24:513.1, or a political subdivision. Any information so furnished shall be considered confidential and privileged by the legislative auditor, and members of his staff, to the same extent as heretofore provided.
 * * * * *
 A. The legislative auditor, or any member of his staff designated by him, shall have authority to examine and audit the books and accounts of the Department of Revenue, and shall have access to all
papers, books, records, files, instruments, documents, including tax returns and tax return information, films, tapes, and any other forms of recordation, including but not limited to computers and recording devices, and all software and hardware which holds data, is part of the technical processes leading up to the retention of data, or is part of the security system, which the legislative auditor, in his discretion, deems necessary for the purpose of making the audit, if such disclosure of information is not in contravention of any provision of federal law prohibiting the dissemination thereof.
R.S. 47:1508 does not permit disclosure of confidential taxpayer information in the circumstances presented. However, we acknowledge the Legislative Auditor's grant of authority to audit Louisiana business tax incentive programs pursuant to R.S. 24:522(C)(3), which empowers that office to "evaluate the impact, effectiveness, and cost-effectiveness ofall state agencies and of their programs, services, and activities". R.S. 24:522(D)(1) requires state agencies to assist the Legislative Auditor in this effort, and further requires their officials and staff to"furnish such information, reports, aid, services, and assistance as hemay request, all without any cost or charge of any nature to thelegislative auditor".
To the extent that disclosure of the information pursuant to R.S. 24:522
conflicts with the provisions of R.S. 47:1508, we find R.S. 24:522 to be controlling. Rules of statutory construction dictate that the latest expression of legislative will is controlling where two statutes conflict. Blanchard vs. Brown, 388 So.2d 865 (La.App. 1st Cir. 1980), at page 869. Act 1100 of the 1995 Legislative Session, enacting the applicable provisions of R.S. 24:522, is the most recent statute.
This office has adopted similar reasoning in the past. In Attorney General Opinion 86-596, this office examined the conflict between R.S.47:1508 and R.S. 24:513[1], and determined that "in as far as these statutes are in conflict, R.S. 24:513, the latest expression of legislative will, implicitly creates another exception to the rule of confidentiality set forth in R.S. 47:1508".
We similarly conclude that R.S. 24:522(C)(3) creates an exception to the rule of confidentiality set forth in R.S. 47:1508. Thus, the Department of Revenue must disclose the requested information and records to the Legislative Auditor.
Should you have other questions in which we may provide assistance, please contact this office.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ___________________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams
[1] R.S. 24:513(A)(5)(a) permits the Legislative Auditor to accept an audit report prepared by a certified public accountant in lieu of an examination by his office of a state political subdivision. At issue in Opinion 86-596 was whether the rule of confidentiality prevented an outside accountant from examining these tax records.