Dear Mr. Barbor:
You requested an Attorney General's opinion regarding the legal right of the Louisiana Housing Finance Agency ("Agency") to obtain private property insurance on its headquarters building. You indicate that the Agency participates in the self-insurance pool managed by the Office of Risk Management ("ORM"). The building in question is included in the inventory of state property. You have been advised by ORM that La. R.S. 39:1527, et seq., mandate that the Agency deal only with ORM for property and casualty insurance. You point out that the Agency's enabling statutes, specifically La. R.S. 40:600.6(A)(8), permit the acquisition of insurance or reinsurance for Agency property. You further advise that the land upon which the building is located was purchased by the Agency, the building in question was constructed by the Agency, and was paid for with bonds issued by the Agency. The repayment of those bonds is the legal liability of the Agency. You question whether the Agency has the authority to obtain private insurance on its headquarters building, or if the Agency must insure the building through ORM.
As you indicated, ORM manages the State's self-insurance pool. La. R.S. 39:1535 provides in part that "It is the responsibility of the commissioner of administration through the office of risk management to manage all state insurance covering property and liability exposure, through commercial underwriters or by self-insuring." Therefore, state agencies are obligated to accept property and casualty insurance through ORM. In accord is Attorney General Opinion No. 91-300. However, as you indicate, R.S. 40:600.6(A)(8) permits the Agency to acquire insurance for Agency property. R.S. 40:660(A)(8) provides:
 (8) Procure or provide for the procurement of insurance or reinsurance against any loss in connection with its property or operations, including but not limited to, insurance, reinsurance or other guarantees from a federal or state governmental agency or private insurance company for the payment *Page 2 
of any bonds issued by the agency or bonds, notes, or any other obligations or evidences of indebtedness issued or made by any lending institution or other entity or person or insurance or reinsurance against loss with respect to mortgages or mortgage loans, including the power to pay premiums on such insurance or reinsurance.
The language of this statute appears to grant the Agency authority to purchase insurance for its property, including its headquarters. To the extent that the Agency's authority to procure insurance pursuant to R.S. 40:600.6(A)(8) conflicts with the provisions of R.S. 39:1535, we find R.S. 40:600.6(A)(8) to be controlling. Rules of statutory construction dictate that the latest expression of legislative will is controlling where two statutes conflict. Blanchard vs. Brown, 388 So.2d 865, 869
(La.App. 1st Cir. 1980). Act 707 of the 1980 Legislative Session, enacting R.S. 40:600.6(A)(8), is the most recent statute.
It is the opinion of our office that, the Agency has the power to procure insurance on Agency property. R.S. 40:600.6(A)(15) authorizes the Agency to acquire immovable property. As indicated, the Agency purchased land and built its headquarters building. Therefore, the land and building are Agency property. Pursuant to R.S. 40:600.6(A)(8), the Agency may procure insurance through ORM (which the Agency currently does) or may purchase private insurance. We point out that purchasing private insurance on a building which is already insured through ORM would be paying for duplicative coverage. Not only would such insurance be a wasteful and inefficient use of Agency funds, it may raise concerns with the Legislative Auditor.
Trusting this adequately responds to your request, we remain
 Yours very truly,
 CHARLES C. FOTI, JR.
 ATTORNEY GENERAL
 BY: ________________________
 KENNETH L. ROCHE, III
 Assistant Attorney General