Dear Mr. Perron:
You have asked this office to revisit our conclusion issued in Attorney General Opinion 05-0423. The subject of your inquiry concerned the following matter:
 Can a member of the board of commissioners of the St. Landry Economic and Industrial Development District be reappointed after his/her initial term either immediately following the end of that term or at any time after a period of non-appointment?
In Attorney General Opinions 05-0423 and 99-12 (copies attached) we concluded that the board members can only serve their original term, and were not eligible for reappointment. The provisions of R.S.33:130.302(C) pertaining specifically to the St. Landry Economic and Industrial Development District were the basis for this conclusion, as the statute provides:
St. Landry Parish Economic and Industrial Development District
§ 130.302. Board of commissioners; members; officers; employees
 C. At the inception of the board, the commissioners of the board shall be selected from current commissioners of boards and advisor boards of the St. Landry Parish Economic Inducement District, The St. Landry Parish Economic and Industrial Development District, and the St. Landry Parish Industrial District. Upon appointment these commissioners initially appointed shall divide themselves by lot or similar random procedures into three groups. One group shall be comprised of five commissioners and shall serve a single one year term; one group shall be comprised of six commissioners and shall serve a single two year term; and one group shall be comprised of six commissioners and shall serve a single three year term. Thereafter, all commissioners appointed to the board, not to fill a vacancy, shall serve for three years and shall not be eligible for reappointment. Upon expiration of the terms of sitting commissioners, a new board shall be appointed as provided in Subsection
 A. The sitting commissioners shall make all necessary provisions to ensure an orderly and timely transfer of authority to the incoming board. (Emphasis added).
However, it has been brought to our attention that the current population of St. Landry Parish places the district within the ambit of R.S. 33:2740.48, providing:
 § 2740.48. Board of commissioners, certain economic and industrial development districts; population between 78,000 and 84,000.
 Notwithstanding any provisions of law to the contrary, members of the board of commissioners in an economic and industrial development district in any parish with a population of between seventy-eight thousand and eighty-four thousand as of the most recent federal census shall be eligible for reappointment to the board at the expiration of any full or interim term. Furthermore, nine members of such a board shall constitute a quorum.
Laws on the same subject matter must be construed with reference to each other. La. C.C. Art. 13. Laws are presumed to be passed with deliberation and with full knowledge of all existing ones on the same subject. Theriot v. Midland Risk Insurance Company , 694 So.2d 184 (La. 1997), at page 186.
R.S. 33:2740.48 was enacted by Act 500 of the 1999 Louisiana Regular Legislative Session, subsequent to the enactment of R.S. 33:130.302 by Act 1366 of the 1997 Louisiana Regular Legislative Session. To the extent there is a conflict between the two cited statutes, R.S.33:2740.48 is the most recent act of the legislature and is controlling as the latest expression of legislative intent. See Blanchard vs.Brown , 388 So.2d 865 (La.App. 1st Cir. 1980), at page 869.
Based on the foregoing rules of statutory construction, we must conclude that pursuant to R.S. 33:2740.48 the board members of the St. Landry Economic and Industrial Development District are eligible for reappointment to the board at the expiration of their term. Attorney General Opinions 05-0423 and 99-12 are recalled as in conflict with our determination herein.
 Very truly yours,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
 KERRY L. KlLPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams
 OPINION NUMBER 05-0423
January 27, 2006.
107-A Special Districts R.S.33:130:302 The original board members of the St. Landry Economic and Industrial Development District can only serve their original term, and any person appointed to as full-term thereafter shall not again serve on the board.
Ms. Andrea L. West Assistant District Attorney Opelousas, LA
CHARLES C. FOTI, JR., ATTORNEY GENERAL.
Dear Ms. West:
You have asked this office to respond to the following legal inquiry:
 Can a member of the board of commissioners of the St. Landry Economic and Industrial Development District be reappointed after his/her initial term either immediately following the end of that term or at any time after a period on non-appointment?
We refer you to the provisions of R.S. 33:130.302, stating:
 C. At the inception of the board, the commissioners of the board shall be selected from current commissioners of boards and advisor boards of the St. Landry Parish Economic Inducement District, the St. Landry Parish Economic and Industrial Development District, and the St. Landry Parish Industrial District. Upon appointment these commissioners initially appointed shall divide themselves by lot or similar random procedure into three groups. One group shall be comprised of five commissioners and shall serve a single one year term; one group shall be comprised of six commissioners and shall serve a single two year term; and one group shall be comprised of six commissioners and shall serve a singe three year term. Thereafter, all commissioners appointed to the board, not to fill a vacancy, shall serve for three years and shall not be eligible for reapportionment. Upon expiration of the terms of sitting commissioners, a new board shall be appointed as provided in Subsection A. The sitting commissioners shall make all necessary provisions to ensure an orderly and timely transfer of authority to the incoming board. (Emphasis added).
The statute states that the original board members shall each serve a single term, whether one, two, or three years and that thereafter a person who has served on the board, not to fill a vacancy, "shall not be eligible for reappointment" after his term expires.
The original board members can only serve their original term. Any person appointed to a full-term thereafter shall not again serve on the board.
We hope the foregoing proves helpful to you. Should you have other questions, please contact this office.
 Very truly yours,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
 KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams